The STATE of Ohio, Appellee,

v.

WALTON, Appellant.

[Cite as *State v. Walton* (1991), 77 Ohio App.3d 706.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59165.

Decided Oct. 15, 1991.

*Stephanie Tubbs Jones,* Prosecuting Attorney, for appellee.
*Beverly J. Pyle,* Assistant Public Defender, for appellant.

MATIA, Presiding Judge.

Defendant-appellant, Ora D. Walton, appeals from her conviction for the offenses of aggravated vehicular homicide and driving while under the influence of alcohol or drugs. The appellant's conviction resulted from a plea of no contest as entered before the Cuyahoga County Court of Common Pleas.

## I. THE FACTS

### A. THE APPELLANT'S OPERATION OF A MOTOR VEHICLE WHICH RESULTED IN THE DEATH OF HARVEY WERBER

On October 9, 1987, the appellant was traveling eastbound on Euclid Avenue, in the city of Cleveland, at a high rate of speed. The appellant failed to stop for a red light at the intersection of Euclid Avenue and Knowles Avenue and struck the rear of a motorcycle which was being operated by Harvey Werber. Werber was thrown approximately one hundred seventy-six feet to his death as a result of the collision.

### B. THE INDICTMENT OF THE APPELLANT

On February 10, 1988, the appellant was indicted by the Grand Jury of Cuyahoga County for one count of aggravated vehicular homicide in violation of R.C. 2903.06 with two violence specifications and a driving while under the influence of drugs specification, one count of involuntary manslaughter in violation of R.C. 2903.04 with two violence specifications and one count of driving while under the influence in violation of R.C. 4511.19.

### C. THE ARRAIGNMENT OF THE APPELLANT

On July 18, 1989, the appellant was arraigned whereupon a plea of not guilty was entered to the three counts of the indictment.

### D. THE APPELLANT'S PLEA OF NO CONTEST

On November 14, 1989, the appellant entered a plea of no contest to the offenses of aggravated vehicular homicide and driving while under the influence. The offense of involuntary manslaughter was nolled by the trial court.

**E. THE APPELLANT'S TIMELY APPEAL**

On December 15, 1989, the trial court sentenced the appellant to incarceration within the Ohio Reformatory for Women, Marysville, Ohio, for a term of three years to five years with regard to the offense of aggravated vehicular homicide and six months of incarceration with regard to the offense of driving while under the influence. The trial court further ordered that the two sentences of incarceration run concurrent with each other.

Thereafter, the appellant brought the instant appeal.

## II. THE FIRST ASSIGNMENT OF ERROR

The appellant's first assignment of error is that:

"The trial court erred by overruling appellant's motion to dismiss count three, driving while under the influence, for failure to provide a speedy trial as required by the Ohio Revised Code, the United States Constitution, and the Ohio Constitution."

**A. ISSUE RAISED: THE TRIAL COURT APPLIED THE WRONG PERIOD OF SPEEDY TRIAL TO THE MISDEMEANOR OFFENSE**

■ The appellant, in her initial assignment of error, argues that the trial court erred by failing to dismiss count three of the indictment which involved the misdemeanor offense of driving while under the influence. Specifically, the appellant argues that regardless of whether a misdemeanor and a felony are charged in the same criminal case, a defendant must be brought to trial within ninety days as mandated by R.C. 2945.71(B)(2) with regard to the charged misdemeanor. In addition, the appellant argues that she was not brought to trial within ninety days of arrest with regard to the offense of driving while under the influence.

**B. SPEEDY TRIAL PERIODS AS APPLIED TO A FELONY AND A MISDEMEANOR**

R.C. 2945.71, which deals with the time period in which an individual charged with a criminal offense must be brought to trial, provides that:

"(A) A person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after his arrest or the service of summons.

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"(1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;

"(2) *Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty* is imprisonment for more than sixty days.

"(C) A person against whom a charge of felony is pending:

"(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after his arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after his arrest if the accused is held in jail in lieu of bail on the pending charge;

"(2) Shall be brought to trial within two hundred seventy days after his arrest." (Emphasis added.)

Thus, pursuant to the application of R.C. 2945.71(B)(2), a misdemeanor of the first or second degree must be brought to trial within ninety days of arrest while a felony must be brought to trial within two hundred seventy days of arrest as mandated by R.C. 2945.71(C)(2). Herein, the offense of driving while under the influence is a misdemeanor of the first degree as defined by R.C. 4511.99 (penalties).

## C. TRIAL COURT APPLIED FELONY SPEEDY TRIAL RULE TO MISDE-MEANOR

In the case *sub judice,* however, the trial court opined that a two-hundred-seventy day period in which to bring a defendant to trial will be applied both to a misdemeanor offense and a felony offense where the misdemeanor and felony offenses are both pending within the same criminal case.

"THE COURT: Thank you.

"Mr. McGinty, I don't see any need for a response to the motion of Defendant.

"With respect to the speedy trial question, the Court notes that the only misdemeanor charge here is the third count of the three-count indictment. Your argument, Mr. Adams, would require this Court either to try a felony within the time provided for a misdemeanor or alternatively to bifurcate this case and have the misdemeanor charges tried separately.

"I don't believe that's what the legislature intended, and I believe that when a misdemeanor is included as one count in an otherwise felony indictment, that

the felony provisions apply and, therefore, this case is not barred by the speedy trial provisions."

### D. APPELLATE JURISDICTIONS WHICH EXAMINED THE ISSUE OF SPEEDY TRIAL WHEN FELONY AND MISDEMEANOR CHARGED IN SAME CRIMINAL CASE APPLIED

A review of the case law of this jurisdiction fails to disclose a previous examination of the issue of speedy trial as to a misdemeanor and a felony when joined together in the same criminal case. Other appellate jurisdictions within the state of Ohio, however, have examined the issue of speedy trial in a criminal prosecution where a felony and misdemeanor have been joined and have held that each misdemeanor offense must still be tried within ninety days of arrest regardless of the existence of additional pending felony offenses.

In *State v. Dunson* (Mar. 20, 1991), Hamilton App. No. C–900218, unreported, 1991 WL 36532, the Court of Appeals for Hamilton County held that:

"Based upon the foregoing analysis we conclude that the trial court correctly dismissed the two second-degree misdemeanor charges (resisting arrest and obstructing official business). *Where both misdemeanor and felony charges are pending against a person, the longer statutory period for the felony charges does not apply to the misdemeanor charges, and the misdemeanor charges must be brought to trial within the statutory limit of ninety days.* See *State v. Doane* (Sept. 28 [*sic,* Oct. 1], 1990), Trumbull App. Nos. 3925, 4023, 4040, unreported [1990 WL 146515]; *State v. Leadingham* (June 2, 1989), Scioto App. No. 1749, unreported [1989 WL 62873]. However, from our review of the record, we have concluded that as of January 23, 1990, only thirty days were chargeable against the State on the assault charge. This requires further inquiry into the approximately two-month delay from January 23, 1990, to March 13, 1990." (Emphasis added.) *State v. Dunson, supra,* at 8.

In *State v. Doane* (1990), 69 Ohio App.3d 638, 591 N.E.2d 735, the Court of Appeals for Trumbull County held that:

"As was previously noted, the indictment against appellant also contained seven felony charges. R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending must be brought to trial with 270 days of her arrest. Interpreting the speedy trial statutes as a whole, the Ninth Appellate District has held that when both felony and misdemeanor charges are pending against a person, the longer statutory period for the felonies is applicable to all of the charges. See *e.g., State v. Luehrs* (Sept. 2, 1987), Summit App. N.

4163, unreported [1987 WL 16653]; *State v. Downey* (Feb. 9, 1983), Summit App. No. 10889, unreported [1983 WL 3972].

"However, in *State v. Dembecki* (Apr. 15, 1983), Portage App. No. 1273, unreported [1983 WL 6239], this court reached the opposite conclusion on this issue. In that case, the defendant was indicted on one felony charge and two misdemeanor charges. After the state had failed to bring him to trial on the misdemeanor charges within the ninety day period, the defendant moved to dismiss for lack of a speedy trial. The trial court overruled this motion. On appeal, this court reversed, specifically holding that the ninety day period was still applicable to the two misdemeanor charges.

"In arguing that the 270 day period applied to all three charges, the state in *Dembecki* referred to R.C. 2945.71(D). At that time, as now, this section provided:

" '(D) A person against whom one or more charges of minor misdemeanor and one or more charges of misdemeanor other than minor misdemeanor, all of which arose out of the same act or transaction, are pending, or against whom charges of misdemeanors of different degrees, other minor misdemeanor [*sic* ], all of which arose of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section.'

"Arguing by analogy, the state submitted that the time for trying the misdemeanor charges should be extended to 270 days when the felony charge arises out of the same act.

"Rejecting this argument, this court noted that '[t]here is no provision in the statute, the committee notes, or the case law interpreting the statute' as the state desired. *Id.* at 3. We also emphasized that the speedy trial statute was mandatory and that the state was required to strictly comply with its provisions.

"Although the *Dembecki* decision was rendered seven years ago, this court still finds its logic persuasive and considers it binding precedent in our jurisdiction. In this regard, we again note that the language of the statute has not been amended in the period since *Dembecki*. Moreover, the logic of that decision has recently been followed by the Fourth Appellate District in *State v. Leadingham* (June 1, 1989), Scioto App. No. 1749, unreported [1989 WL 62873].

" * * *

"This court is aware that this decision places a heavy burden upon the state. In many instances in which both types of charges are pending against the defendant, the state may simply be unable to proceed to trial on all of the

charges before the end of the ninety-day period. Under these circumstances, the state could be forced to allow the time to run out as to the misdemeanors, instead of risking going forward too quickly on the felonies. As a practical matter, it is difficult to discern what interest is being served by this requirement. Certainly, the defendant would not be prejudiced if the longer time period was applicable to all of the charges.

"Nevertheless, the inclusion of R.C. 2945.71(D) in the speedy trial statute shows that the legislature considered this type of issue and chose not to address the specific question raised by the facts of this case. While we may question the wisdom [of] this decision, it is not the function of this court to read such a rule into the statute when it clearly was not intended.

"Accordingly, even though the indictment in this case contained seven felony charges, the state was still required to bring appellant to trial on the four misdemeanor charges within the statutory limit of ninety days. As was stated earlier, this limit was exceeded by twenty days. Pursuant to R.C. 2945.73(B), this would require the dismissal of these four charges, unless the running of the time limit had been tolled sometime during this period." *State v. Doane, supra*, 69 Ohio App.3d at 655, 591 N.E.2d at 747.

Finally, in *State v. Leadingham* (June 1, 1989), Scioto App. No. 1749, unreported, 1989 WL 62873, the Court of Appeals for Scioto County held that:

"The sole issue presented on appeal is whether the court below erred in dismissing the three misdemeanor charges. Appellant asserts that when a case involves several charges, the speedy trial period imposed by R.C. 2945.71 for all charges is controlled by the charge which provides the longest period. Thus, concludes appellant, since all of the other charges against appellee were controlled by the longer 270 day period for felonies, the three misdemeanor charges were also controlled by that period.

"The scheme of the Ohio speedy trial statutes does not address this issue. In support of its conclusion that the trial court erred in dismissing the three misdemeanor charges, appellant relies on cases from several jurisdictions other than Ohio. First, appellant cites an Arizona appellate court case which held, 'When two or more cases are consolidated for trial the time limitations * * * shall be calculated from the case which has the longest period of time available.' *State v. Campos* (1975) [24 Ariz.App. 353], 538 P.2d 1154. Neither *Campos* or *State v. Hankins* (1984) [141 Ariz. 217], 686 P.2d 740, another Arizona case cited by appellant, involve precisely the issue presented in the case *sub judice.*

"* * * *

"All of the cases cited by appellant are inapplicable because they involve a specific statute not present in Ohio or because they do not address the specific issue with which we are confronted in the present case. The only cases which even present an issue close to that in the case at bar are the two Arizona cases. However, we cannot read into the speedy trial statute language which is not there. The Supreme Court in *State v. Pachay* (1980), 64 Ohio St.2d 218 [18 O.O.3d 427, 416 N.E.2d 589], held the following in the syllabus:

" 'The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state. (Emphasis added).

" 'R.C. 2945.72(B), in pertinent part, states the following:

" ' "A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
" ' " * * *

" ' "(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." '

"Therefore, since more than 90 days had elapsed, the statute mandates that, upon appellee's motion, the court below was required to dismiss the misdemeanor charges against appellee. R.C. 2945.73(B). Thus, the court below did not err in dismissing the charges. Our holding is consistent with at least one other jurisdiction in Ohio. In *State v. Dembecki* (April 15, 1983), Portage County App. No. 1273, unreported [1983 WL 6239], when faced with an identical situation, the court held that the trial court erred by failing to dismiss the misdemeanor charges.

"Further support for the holding herein is found in R.C. 2945.71(D) which provides the following:

" 'A person against whom one or more charges of minor misdemeanor and one or more charges of misdemeanor other than minor misdemeanor, all of which arose out of the same act or transaction, are pending, or against whom charges of misdemeanors of different degrees, other than minor misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section.'

"Thus, the General Assembly was aware of the possibility of a person being charged with multiple offenses at least two of which could involve different time periods. Because there is a provision dealing with multiple misdemean-

ors but no provision dealing with a felony and a misdemeanor, we must assume the General Assembly intended, in such a case, for the time limit for the misdemeanor to remain applicable." *State v. Leadingham, supra,* at 1.

## E. MISDEMEANOR OF FIRST DEGREE IS CONTROLLED BY NINETY DAY SPEEDY TRIAL RULE

This court finds the appellate decisions of *Dunson, Doane* and *Leadingham* to be most persuasive. Clearly, R.C. 2945.71, which defines the speedy time periods for both misdemeanors and felonies, must be strictly construed in favor of the defendant. Thus absent a specific statute as passed by the General Assembly which provides otherwise, we must hold that a misdemeanor shall be brought to trial within ninety days of arrest regardless of the existence of additional offenses which constitute a felony.

## F. REVIEW OF ISSUE OF SPEEDY TRIAL WITH REGARD TO MISDEMEANOR

This court must next determine whether the appellant was brought to trial within ninety days of arrest with regard to the offense of driving while under the influence as mandated by R.C. 2945.71(B)(2).

The running of the statutory period of ninety days with regard to a misdemeanor may be tolled as a result of the application of the conditions found at R.C. 2945.72.

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

"(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

"(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

"(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

## G. MISDEMEANOR WAS "TRIED" WITHIN NINETY DAYS PER R.C. 2945.71(B)(2)

█ In the case *sub judice*, a review of the record demonstrates that a period of one hundred twenty-one actual days passed between the appellant's arrest on July 15, 1989 and the plea of no contest as entered by the appellant on November 14, 1989.

Pursuant to the application of R.C. 2945.72, however, only sixty-six days of elapsed chargeable time ran between the date of the appellant's arrest and the plea of no contest. It should be noted that the following time is based upon the premise that the appellant was incarcerated in lieu of bond from the date of her arrest on July 15, 1989 to the day before the trial court's issuance of a second capias on October 14, 1989. This premise is necessitated by the failure of the trial court to properly journalize the date of the appellant's release from jail on her own recognizance.

| Historical Date and Activity | Chargeable Elapsed Time |
|---|---|
| 1. July 15, 1989—appellant arrested and incarcerated in lieu of bond | |
| 2. July 26, 1989—pretrial is continued at appellant's request to July 27, 1989 | $10 \times 3 = 30$ days |
| 3. July 27, 1989—pretrial is continued at state's request to August 3, 1989 | 0 days |
| 4. July 31, 1989—motion for bond reduction filed by the appellant | $4 \times 3 = 12$ days |
| 5. August 3, 1989—pretrial is reset to August 8, 1989 | $3 \times 3 = 9$ days |
| 6. August 8, 1989—pretrial is continued at appellant's request to August 20, 1989 | $5 \times 3 = 15$ days |
| 7. August 20, 1989—pretrial is continued at appellant's request to August 30, 1989 | 0 days |
| 8. August 30, 1989—pretrial is continued at appellant's request to September 14, 1989 | 0 days |

| Historical Date and Activity | Chargeable Elapsed Time |
|---|---|
| 9. September 14, 1989—pretrial is continued at appellant's request to October 14, 1989 | 0 days |
| 10. October 14, 1989—trial court issues a capias for the arrest of the arrest of the appellant as a result of the failure to appear [1] | 0 days |
| 11. October 18, 1989—appellant files a motion to dismiss | 0 days |
| 12. November 14, 1989—appellant enters a plea of no contest to the offenses of aggravated vehicular homicide and driving while under the influence | 0 days |
| Total Elapsed Chargeable Time | 66 days |

The record before this court documents that the appellant was brought to trial within ninety days as mandated by R.C. 2945.71 with regard to the misdemeanor offense. The appellant requested five continuances, filed a motion to dismiss and also failed to appear which necessitated the filing of a second capias for her arrest. Each of the continuances and the motion to dismiss tolled the running of the appellant's ninety days for trial with regard to the misdemeanor. Only sixty-six chargeable days elapsed between the appellant's original arrest and her plea of no contest. *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 10 OBR 352, 461 N.E.2d 892; *State v. Hudson* (1983), 10 Ohio App.3d 52, 10 OBR 62, 460 N.E.2d 668.

Thus, although a ninety-day period for trial was applicable to the charged misdemeanor of driving while under influence, the appellant was not denied a speedy trial. The appellant's first assignment of error is not well taken.

## III. THE SECOND ASSIGNMENT OF ERROR

The appellant's second assignment of error is that:

"The trial court erred by granting, over defense counsel's objection, the prosecuting attorney's request to enter a *nolle prosequi* of the involuntary manslaughter charge."

### A. ISSUE RAISED: TRIAL COURT ERRED BY ENTERING A *NOLLE PROSEQUI* WITH REGARD TO OFFENSE OF INVOLUNTARY MANSLAUGHTER

■ The appellant, in her second assignment of error, argues that the trial court erred by entering a *nolle prosequi* of the second count of the indictment

---

**1.** As stated previously, this court must assume that the appellant was held in jail in lieu of bond until October 13, 1989, the day before a capias was issued by the trial court for the appellant's arrest. In addition, the issuance of a second capias caused the appellant's speedy trial time to run anew.

which involved the offense of involuntary manslaughter. Specifically, the appellant argues that the failure of the state to comply with the mandate R.C. 2941.33 (*nolle prosequi* ) prevented the dismissal of the offense of involuntary manslaughter.

The appellant's second assignment of error is not well taken.

## B. R.C. 2941.33 AND CRIM.R. 48 WHICH DEAL WITH *NOLLE PROSE-QUI*

R.C. 2941.33, which deals with the entry of a *nolle prosequi,* provides that:

"The prosecuting attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid."

In addition, Crim.R. 48, which is essentially identical to R.C. 2941.33, provides that:

"(A) Dismissal by the state. *The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.*

"(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information or complaint, it shall state on the record its findings of fact and reasons for the dismissal." (Emphasis added.)

Upon review of the record herein, this court finds no error associated with the entry of a *nolle prosequi* with regard to the offense of involuntary manslaughter. The state requested the nolle in open court and "good cause" can be gleaned from the record. Cf. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523; *State v. Sutton* (1979), 64 Ohio App.2d 105, 18 O.O.3d 83, 411 N.E.2d 818.

## C. PROSECUTOR HAS DISCRETION IN PURSUING PROSECUTION WITH REGARD TO CHARGED OFFENSES

In addition, the United States Supreme Court has affirmatively established that the prosecution is free to select under which criminal statute a defendant will be prosecuted where multiple offenses stem from one criminal course of conduct.

"This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. See *United States v. Beacon Brass Co.,* 344 U.S. 43, 45–46[, 73 S.Ct. 77, 79, 97 L.Ed. 61, 64–65] (1952); *Rosenberg v. United States,* 346 U.S. 273, 294[, 73 S.Ct. 1152, 1163, 97 L.Ed. 1607, 1619] (1953) (Clark, J., concurring, joined by five Members of the

Court); *Oyler v. Boles,* 368 U.S. 448, 456[, 82 S.Ct. 501, 505, 7 L.Ed.2d 446, 452] (1962); *SEC v. National Securities, Inc.,* 393 U.S. 453, 468[, 89 S.Ct. 564, 572, 21 L.Ed.2d 668, 680] (1969); *United States v. Naftalin,* 441 U.S. [768], at 778 [99 S.Ct. 2077, at 2084, 60 L.Ed.2d 624, at 632 (1979)]. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion. See *Confiscation Cases,* 7 Wall. 454[, 19 L.Ed. 196] (1869); *United States v. Nixon,* 418 U.S. 683, 693[, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039, 1055] (1974); *Bordenkircher v. Hayes,* 434 U.S. 357, 364[, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 611] (1978)." *United States v. Batchelder* (1979), 442 U.S. 114, at 123, 99 S.Ct. 2198, at 2204, 60 L.Ed.2d 755, at 764.

See, also, *Paul Adams Coal Co. v. Mamone* (1988), 46 Ohio App.3d 174, 546 N.E.2d 454.

Thus, the trial court did not err in entering a *nolle prosequi* with regard to the offense of involuntary manslaughter. The appellant's second assignment of error is not well taken.

*Judgment affirmed.*

JAMES D. SWEENEY and ECONOMUS, JJ., concur.

PETER C. ECONOMUS, J., of the Mahoning County Common Pleas Court, sitting by assignment.