**The STATE of Ohio, Appellant,**

v.

**PARSLEY, Appellee.**

**CITY OF COLUMBUS, Appellant,**

v.

**PARSLEY, Appellee.**

[Cite as *State v. Parsley* (1993), 82 Ohio App.3d 567.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–1078, 92AP–1079.

Decided Feb. 2, 1993.

Ronald J. O'Brien, City Attorney, David M. Buchman, City Prosecutor, and Brenda J. Keltner, Assistant City Prosecutor, for appellants.

Philip T. Churchill, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellee.

TYACK, Judge.

On March 7, 1992, Pamela Conner filed a charge of domestic violence against her ex-husband, Jesse Parsley. The charge was filed pursuant to R.C. 2919.25 and alleged that Parsley had assaulted Conner at 12:30 a.m. on March 7, 1992 at 2587 Osceola Avenue. A case number was assigned and a warrant for Parsley's arrest was issued.

On March 8, 1992, Lois Ann Marcum filed a charge of assault against Parsley. The charge was filed pursuant to Columbus City Code Section ("C.C.") 2303.01 and alleged that the assault had occurred on March 7, 1992 at 1:00 a.m. at 2587 Osceola Avenue. A separate case number was assigned and again a warrant was issued.

Parsley was slated on both charges on April 17, 1992 and arraigned on both charges in the Franklin County Municipal Court on the same date. Both charges were assigned to the same judge.

On May 5, 1992, a pretrial conference was held on both charges and both charges were set for a jury trial on May 19, 1992. No judgment entry reflects a reason why the charges were set for trial more than thirty days after Parsley's arrest. From at least April 17 until May 19, Parsley was in custody as a result of the charges.

Counsel for Parsley filed a motion to dismiss the charges under each of the case numbers, alleging that the time allotted for trial pursuant to R.C. 2945.71 *et seq.* had passed. A hearing was conducted at which counsel for the respective parties argued, but no formal evidence was taken.

The trial court sustained the motion to dismiss the charges and ordered that Parsley be discharged. The city of Columbus, which was plaintiff in the assault charge, and the state of Ohio, which was plaintiff in the domestic violence charge, have both appealed.

The Office of the City Attorney for the city of Columbus, which represented both plaintiffs in the trial court, has filed an appeal in both cases, assigning the same two errors as to both:

"Assignment of Error Number One

"The trial court erred in finding that appellee qualified for three-for-one jail credit where appellee was being held on two separate cases.

"Assignment of Error Number Two

"The trial court erred in holding that the defendant did not extend the time for trial under R.C. 2945.72."

Both assignments of error center around the question of whether the trial court properly construed the applicable provisions of R.C. 2945.71 *et seq.*

R.C. 2945.71(B) reads, in pertinent part:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

R.C. 2945.71(D) reads:

"A person against whom one or more charges of minor misdemeanor and one or more charges of misdemeanor other than minor misdemeanor, all of

which arose out of the same act or transaction, are pending, or against whom charges of misdemeanors of different degrees, other than minor misdemeanors, all of which arose out of the same act or transaction, are pending shall be brought to trial within the time period required for the highest degree of misdemeanor charged, as determined under division (B) of this section."

Since the record indicates that both the assault charge and the domestic violence charge arose out of one transaction, namely one fight involving three or more parties at 2587 Osceola Avenue, a single ninety-day period for trial is allowed by R.C. 2945.71(D).

R.C. 2945.71(E) reads:

"For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."

■ The question to be resolved is whether incarceration on two charges arising from a single transaction and with a common course of in-court proceedings should be considered incarceration "on the pending charge" for purposes of R.C. 2945.71(E) such that the time for trial was shortened from ninety to thirty days. Appellants claim that a dearth of case law exists to assist in answering this question. Appellee asserts that the case law is plentiful, but that all of it is opposed to the position of appellants.

*State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40, holds in paragraph one of the syllabus: "R.C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge." In the *MacDonald* case, the defendant's trial on state felony charges was delayed because of MacDonald's prosecution and incarceration on federal felony charges. Thus, the pertinent facts in the *MacDonald* case make the situation so distinguishable as to provide little help in answering the first question before us.

*MacDonald* was followed by *State v. Ladd* (1978), 56 Ohio St.2d 197, 10 O.O.3d 363, 383 N.E.2d 579. The syllabus for the *Ladd* case is virtually identical to paragraph one of the syllabus in *MacDonald* set forth above. Ladd was charged with separate felonies in separate counties for dissimilar conduct. Thus, *Ladd* also provides little assistance.

The Supreme Court of Ohio subsequently issued a *per curiam* opinion in *State v. Butcher* (1986), 27 Ohio St.3d 28, 27 OBR 445, 500 N.E.2d 1368. In *Butcher*, the Supreme Court affirmed a ruling of the Court of Appeals for Cuyahoga County that once a prima facie case for discharge pursuant to R.C. 2945.71 *et seq.* has been presented to the trial court, the burden of production

rests with the state to show that the accused is not entitled to the triple-count provision described in R.C. 2945.71(E).

The record before us is not as devoid of information as that in the *Butcher* case, so the question before us cannot simply be answered by reference to the burden of production upon the city or state.

The only other case from the Supreme Court of Ohio to which appellee alludes in his brief is *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589. The *Meeker* case does not involve interpretation of R.C. 2945.71 *et seq.* and provides no direct guidance.

Thus, at least as to case law from the Supreme Court of Ohio, appellants are correct in their assertion that the case law presents a dearth of decisions.

Appellants have requested that we fill the void in the case law with a decision which provides a broad-based, bright-line rule. We will provide instead a limited rule which hopefully is clear. Where more than one charge has arisen from a single transaction and the multiple charges share a common litigation history from arrest onward, incarceration on the multiple charges will be considered incarceration on the "pending charge" for purposes of R.C. 2945.71(E).

In terms of Parsley's case, he was arrested and arraigned on both charges at the same time. A pretrial was conducted on both charges at the same time and a single trial date and time was set for both charges. Both charges apparently arose from a single altercation involving more than two parties. Therefore, the trial court was correct in considering his incarceration to be such that he was entitled to the three-for-one credit of R.C. 2945.71(E).

The first assignment of error is overruled.

As to the second assignment of error, no evidence was before the trial court upon which to base a finding that the time for trial was extended pursuant to R.C. 2945.72. Thus, no record is present before us upon which we could base a finding of error by the trial court in regard to R.C. 2945.72. Therefore, the second assignment of error is also overruled.

Both assignments of error having been overruled, the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

PETREE and DESHLER, JJ., concur.