{¶ 36} I respectfully dissent. With respect to appellant's first assignment of error, the majority contends that the triple count provision pursuant to R.C. 2945.71 should apply, indicating that two hundred ninety-seven days had passed since appellant's initial incarceration in violation of his right to a speedy trial. As such, the majority believes that appellant's conviction should be vacated. I disagree.
 {¶ 37} "The ninety-day period of R.C. 2945.71 does not apply when a defendant is being held on multiple charges pending separate trials." State v. Coleman (1989), 45 Ohio St.3d 298,304, citing State v. Ladd (1978), 56 Ohio St.2d 197; State v.Kaiser (1978), 56 Ohio St.2d 29; State v. MacDonald (1976),48 Ohio St.2d 66.
 {¶ 38} In the case at bar, appellant was arrested on November 6, 2002. Three separate complaints were filed charging appellant with illegal manufacture of drugs, possession of drugs, and carrying a concealed weapon. With regard to the carrying a concealed weapon charge, bail was set at $2,500 cash or surety. Bail was set at $3,000 cash or surety on the charges of illegal manufacture of drugs and possession of drugs, which were bound over to the Ashtabula County Grand Jury on November 19, 2002. On December 3, 2002, appellee filed a motion to modify bail, which was granted by the trial court on December 6, 2002. The trial court modified appellant's bail to $10,000 personal recognizance on the two charges of illegal manufacture of drugs and possession of drugs.
 {¶ 39} Meanwhile, appellant was being held on the carrying a concealed weapon charge pending in the municipal court and did not post the personal recognizance bond until January 24, 2003. Appellant remained incarcerated until January 28, 2003, when he posted bond in the municipal court case. The carrying a concealed weapon charge was dismissed on January 29, 2003. Seventy-nine days were chargeable to appellee from appellant's arrest to January 24, 2003, when bond was posted in this case. See Statev. Peterson (Nov. 29, 1996), 11th Dist. No. 96-T-5456, 1996 Ohio App. LEXIS 5416, at 6. Pursuant to Coleman, supra, the triple-count provision was not applicable since appellant was being held on multiple charges pending separate trials.
 {¶ 40} The majority relies on State v. Parsley (1993),82 Ohio App.3d 567. The main difference between our case andParsley is that in the case at issue, appellant was held on multiple charges pending separate trials. In Parsley, however, the defendant was incarcerated on two charges pending a single trial.
 {¶ 41} Also, appellant's reliance on State v. Grover (Sept. 25, 1998), 11th Dist. No. 97-A-0021, 1998 Ohio App. LEXIS 4534, for the proposition that if two crimes are so related legally, they must be considered together for speedy trial purposes is misplaced. In Grover, the appellant was held solely on the authority of the original burglary complaint for eight days. This court determined that the triple-count provision was applicable and that twenty-four days could be charged to the state. The state then filed a second complaint regarding aggravated robbery. We stated that the triple-count provision of R.C. 2945.71(E) did not apply since the appellant was held on two pending charges.
 {¶ 42} Also, appellant's reliance on State v. Clay (1983),9 Ohio App.3d 216 is misplaced. In Clay, this court set forth the rule governing the calculation of speedy trial time when the state files subsequent charges against the accused. We stated that "when new and additional charges arise from the same facts as did the original charge and the state knew of such facts at the time of the initial indictment, the time within which trial is to begin on the additional charge is subject to the same statutory limitations period that is applied to the original charge." Id. at 216.
 {¶ 43} Here, unlike Grover and Clay, supra, appellant was not initially held on one charge, then subsequently charged with new and additional counts arising from the same facts. Rather, appellant was held on multiple charges from the outset, pending separate trials. Thus, the triple-count provision was not applicable.
 {¶ 44} A jury trial was originally scheduled to commence on February 19, 2003. However, on February 18, 2003, appellant filed a motion to suppress evidence. Again, the trial court conducted a hearing on May 9, 2003, and overruled appellant's motion to suppress on May 15, 2003. The period from January 25, 2003, the day after appellant's bond was posted, through February 17, 2003, the day before appellant filed his motion to suppress, counted as twenty-four days. Speedy trial time tolled from February 18, 2003, the day appellant filed his motion to suppress, through May 15, 2003, the date that the trial court overruled the motion. SeeState v. Burdick (May 26, 2000), 11th Dist. No. 98-G-2209, 2000 Ohio App. LEXIS 2264, at 20-21.
 {¶ 45} In addition, thirty-four days were chargeable to appellee, from May 16, 2003 to June 19, 2003, the date that appellant filed his motion to dismiss. Speedy trial time tolled during the pendency of appellant's motion to dismiss, which was heard by the trial court on June 27, 2003, and overruled on July 7, 2003. See State v. Evans, 11th Dist. No. 2003-T-0132,2005-Ohio-1787, at ¶ 38. Thus, seven days were chargeable to appellee, from July 8, 2003, the day after the trial court overruled appellant's motion to dismiss, through July 14, 2003, the day before appellant moved for a continuance.
 {¶ 46} A jury trial was scheduled for July 22, 2003. However, pursuant to appellant's July 15, 2003 motion, the trial date was continued to August 5, 2003. Thus, speedy trial time tolled from July 15, 2003 through August 5, 2003. On July 23, 2003, the trial court continued the August 5, 2003 trial date to September 23, 2003, due to the necessity that appellant's and Liddy's cases be tried together and the fact that the suppression hearing in Slocum's case was set for August 29, 2003. Pursuant to R.C.2945.72(H), speedy trial time tolled from August 5, 2003 until September 23, 2003. On September 23, 2003, appellant changed his plea from not guilty to no contest.
 {¶ 47} Based on the record, only one hundred forty-four speedy trial days were chargeable to appellee from the day after appellant's arrest to the date that he changed his plea. SeeEvans, supra, at ¶ 39. Appellant's right to a speedy trial was not violated. Thus, the trial court did not err in overruling appellant's motion to dismiss. This writer believes that appellant's first assignment of error is without merit.
 {¶ 48} Regarding his second assignment of error, appellant alleges that the trial court erred by overruling his motion to suppress. Appellant stresses that the entry into the motel room was not made pursuant to either a search warrant or by his consent. Appellant asserts that sufficient exigent circumstances did not exist in order to apply any exceptions.
 {¶ 49} This court stated in State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 16, that:
 {¶ 50} "[a]t a hearing on a motion to suppress, the trial court assumes the role of the trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366 * * *. When reviewing a motion to suppress, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594 * * *. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Curry (1994), 95 Ohio App.3d 93, 96
* * *." (Parallel citations omitted.)
 {¶ 51} With regard to warrantless entries of motel rooms, the United States Supreme Court in Hoffa v. United States (1966),385 U.S. 293, 301, held that "[a] hotel room can clearly be the object of Fourth Amendment protection as much as a home or an office." However, exigent circumstances may permit a warrantless entry of a motel room. See State v. Larkins, 6th Dist. No. H-01-052, 2003-Ohio-309, at ¶ 15; State v. Chisholm (1983), 2d Dist. No. 7640, 1983 Ohio App. LEXIS 13292, at 13-14.
 {¶ 52} "The United States Supreme Court has held that the doctrine of exigency applies in two separate sets of circumstances: first, police may commence a warrantless search and seizure to avoid `the imminent destruction of vital evidence.'" State v. Stanberry, 11th Dist. No. 2002-L-028,2003-Ohio-5700, at ¶ 15, quoting Wong Sun v. United States
(1963), 371 U.S. 471, 484. "Second, a warrant is unnecessary where the police are faced with a `need to protect or preserve life or avoid serious injury.'" Id., quoting Mincey v. Arizona
(1978), 437 U.S. 385, 392.
 {¶ 53} In the case sub judice, the trial court stated in its May 15, 2003 judgment entry that:
 {¶ 54} "[t]he [c]ourt finds that Deputy Allen had articulable facts and circumstances to give rise to reasonable suspicion that [appellant] was involved in some criminal activity, which permitted his stop and search.
 {¶ 55} "The [o]fficers had reason to believe that a meth lab was in operation in the hotel and that [appellant] was associated with Liddy and Slocum. Procuring a warrant for a search of the room could have resulted in any evidence of a drug lab being flushed down the toilet. Further, Deputy Allen observed the firearms in the camper and it would be reasonable to infer that anyone involved in a drug lab operation may be armed. Thus gave rise to the exigent circumstances which permitted a search of [appellant's] room without a search warrant."
 {¶ 56} I agree. Pursuant to Larkins and Chisholm, supra, the warrantless entry in appellant's motel room was clearly justified due to exigent circumstances. Based on the record, the deputies involved in entering appellant's motel room clearly had ample reason to believe that methamphetamines were being manufactured. The deputies were aware that Slocum and Cumberledge, known manufacturers of methamphetamine, may have been in the motel room as well as armed. The deputies also had a reasonable concern for the safety of other occupants in the Comfort Inn. In addition, the deputies reasonably were concerned that evidence in the motel room may have been destroyed if they had taken the time to procure a search warrant. Thus, the trial court did not err by overruling appellant's motion to suppress. I believe that appellant's second assignment of error is without merit.
 {¶ 57} For the foregoing reasons, I would affirm the judgment of the trial court.