[Cite as *State v. Johnson*, 2014-Ohio-4506.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26032 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-1019 |
| v. | : | |
| | : | |
| IRAN L. JOHNSON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

ALAN D. GABEL, Atty. Reg. #0025034, P.O. Box 1423, Dayton, Ohio 45401
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}     Iran L. Johnson appeals from his conviction and sentence following a no-contest

plea to one count of felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), a second-degree felony.

{¶ 2}   Johnson advances two assignments of error. First, he contends the trial court erred in overruling his motion to dismiss the charge against him based on a speedy trial violation. Second, he claims the trial court erred in proceeding to sentencing without the "assigned judge."

{¶ 3}   The record reflects that Johnson was indicted on February 5, 2013 in Montgomery County Common Pleas Court case number 2012-CR-2974 on a charge of carrying a concealed weapon. He was given an own-recognizance ("OR") bond. On  April 2, 2013, a felony complaint was filed against Johnson in Dayton Municipal Court case number 2013-CRA-2294, charging him with two counts felonious assault.[1] He was taken into custody on April 3, 2013, and $100,000 bond was set in the municipal-court case. Also on April 3, 2013, the OR bond in the concealed-weapon case was revoked and a $25,000 bond was set. Thereafter, the municipal-court charges were dismissed on April 11, 2013.[2] Despite the municipal-court dismissal, Johnson remained jailed in lieu of a $25,000 bond in the concealed-weapon case.[3]

---

[1] Johnson contends the municipal-court charges were filed on April 3, 2013. The Dayton Municipal Court's docket reflects otherwise. For present purposes, the one-day discrepancy is immaterial.

[2] Johnson claims one of the charges was dismissed. The municipal-court docket reflects, however, that both charges were dismissed on April 11, 2013. Again, this discrepancy is not significant for present purposes.

[3] On August 7, 2014, the State filed an unopposed motion to supplement the record with the trial court's bail orders in the concealed-weapon case, Montgomery County Common Pleas Court case number 2012-CR-2974. Because both parties have referred to the bail orders in that case, the State's motion to supplement the record is hereby sustained.

{¶ 4}     On April 30, 2013, Johnson was indicted in the above-captioned case on two counts of felonious assault with specifications.[4] On May 3, 2013, the trial court set a $100,000 bond, which Johnson did not post. While still in jail, he filed an October 27, 2013 motion to dismiss on statutory speedy-trial grounds. (Doc. #36). In support, he relied on the triple-count provision in R.C. 2945.71(E), which applies when a defendant is jailed in lieu of bail solely on the pending charge. Johnson argued that he had been arrested in the above-captioned case on March 30, 2013 and had remained in custody since that time.[5] He noted that 211 days had elapsed from March 30, 2013 to the date of his motion. He then deducted 50 days to account for motions he had filed and continuance requests he had made, leaving 161 days. Johnson multiplied the 161 days by three (applying the triple-count provision) and asserted that 483 speedy-trial days had passed. Because R.C. 2945.71(C)(2) obligates the State to bring a felony defendant to trial within 270 days of his arrest, Johnson maintained that his statutory speedy-trial rights had been violated.

{¶ 5}     The trial court rejected Johnson's argument. It found the triple-count provision inapplicable, reasoning:

> The Court concludes that Defendant was held in lieu of bail in case number 2012 CR 2974 on a $25,000 cash or surety bond and in the current case number 2013 CR 1019 on a $100,000 cash or surety bond.   Defendant's bail was

---

[4] The indictment involved the same incident that gave rise to the earlier felony charges in Dayton Municipal Court.

[5] The record before us does not reflect a March 30, 2013 arrest in connection with this case. In his appellate brief, however, Johnson explains: "The Defendant was arrested in the instant case 2013 CR 1019 on March 30, 2013. The Indictment occurred on April 30, 2013 only after a preliminary hearing on April 11, 2013 and the subsequent dismissal of the charges due to the nonattendance of state witnesses. The Defendant was still being held in jail." (Appellant's brief at 8). For present purposes, we will accept that Johnson was arrested and jailed in connection with the above-captioned case on March 30, 2013. Even using that date, the success of his speedy-trial argument still turns on applicability of the triple-count provision.

revoked in case number 2012 CR 2974 from an own recognizance bond to a $25,000 cash or surety bond on April 3, 2013. Defendant was indicted on April 30, 2013 in case number 2013 CR 1019 and bail was set in that case in the amount of $100,000 cash or surety bond. Defendant was held in lieu of bail not "solely" for the pending charge of felonious assault in case number 2013 CR 1019 but also for the pending charge of carrying a concealed weapon in case number 2012 CR 2974. Thus, the triple count provision is not applicable in this case, consequently running Defendant's speedy trial calculation at a one-for-one count.

(Doc. #40 at 3).

{¶ 6} The trial court then concluded that only 121 days of speedy-trial time had passed. It provided detailed calculations to support this figure. (*Id*. at 4 and fn. 1-6). After the trial court overruled his motion to dismiss, Johnson entered a negotiated no-contest plea to one count of felonious assault without any specifications. The trial court accepted the plea, found him guilty, and imposed sentence accordingly. (Doc. #41, 49).

{¶ 7} In his first assignment of error, Johnson does not dispute that his speedy-trial argument fails if the triple-count provision does not apply. He insists, however, that he was entitled to triple counting because "there are no indications there was to be multiple trials on case numbers 2013 CR 1019 and 2012 CR 2974." (Appellant's brief at 8). In support, he cites *State v. Fielder*, 66 Ohio Misc.2d 163, 643 N.E.2d 633 (Dayton Mun. Ct.1994), for the proposition that "the triple-count provision applies to a defendant held on multiple counts on the same indictment if all counts are to be heard at the same trial." The *Fielder* court also cited *State v. Parsley*, 82 Ohio App.3d 567, 571, 612 N.E.2d 813 (10th Dist.1993) for the proposition that the existence of

multiple charges filed on separate dates and given different case numbers may not preclude triple-counting if they arise from a single transaction and share a common litigation history from arrest onward.[6]

{¶ 8} Upon review, we see no error in the trial court's denial of triple counting. As noted above, the rule is that triple counting applies "only when the defendant is being held in jail solely on the pending charge." *State v. Sanchez*, 110 Ohio St.3d 274, 276-77, 2006-Ohio-4478, 853 N.E.2d 283, 286. Triple counting does not apply when a defendant also is being held in custody on other charges. *Id.* In *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 21, however, the Ohio Supreme Court adopted the rule of *Parsley*, supra, and clarified that "when multiple charges arise from a criminal incident and share a common litigation history, pretrial incarceration on the multiple charges constitutes incarceration on the 'pending charge' for the purposes of the triple-count provision of the speedy-trial statute, R.C. 2945.71(E)."

{¶ 9} Here the trial court correctly recognized that Johnson was being held in lieu of bail on pending charges in two unrelated cases involving separate indictments. The first case, Montgomery County Common Pleas Court case number 2012-CR-2974, involved a charge of carrying a concealed weapon and a $25,000 bond. The indictment in that case was filed on February 5, 2013, and it involved conduct allegedly occurring on October 1, 2012. The second case (the above-captioned case), Montgomery County Common Pleas Court case number

---

[6]In *Parsley*, the defendant "was arrested and arraigned on both charges at the same time. A pretrial was conducted on both charges at the same time and a single trial date and time was set for both charges. Both charges apparently arose from a single altercation involving more than two parties." *Parsley* at 571.

2013-CR-1019, involved felonious assault charges and a $100,000 bond. As noted above, the indictment was filed on April 30, 2013, and it involved conduct allegedly occurring on March 30, 2013.

{¶ 10}   Unlike *Parker*, the record does not reflect that the two cases at issue arose from the same criminal incident or shared a common litigation history. Therefore, we see no basis to treat the separate charges as one "pending charge" for triple-count purposes. *Cf. State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902, ¶ 35 (2d Dist.) (finding *Parker* inapplicable where a defendant was arrested and jailed on separate complaints with separate cash bonds for unrelated charges).[7] Without triple counting, Johnson admittedly did not come close to establishing a speedy-trial violation. Accordingly, his first assignment of error is overruled.

{¶ 11}   Johnson's second assignment of error addresses the absence at sentencing of the trial court judge assigned to his case. He argues that he should have been asked whether he wanted to proceed in the assigned judge's absence or whether he desired a continuance. Although the sentencing judge imposed a four-year prison sentence—which was within the agreed-upon range of two, three, or four years—Johnson reasons that the judge originally assigned to his case might have imposed a lesser sentence.

{¶ 12}   Johnson's specific argument is as follows:

> * * * Even though there are no allegations the sentencing Judge had any

---

[7] In *Dankworth*, this court did agree that "when an accused is charged with several unrelated offenses in a multiple-count indictment and all counts are to be tried in a single trial, the indictment is treated as a single charge, and the accused is entitled to the triple-count provision." *Dankworth* at ¶ 37. Of course, that is not the situation in the present case.

outside information, nevertheless, it appears fundamental fairness would ha[ve] prevailed if the Judge had simply informed the Defendant of the opportunity to request a continuance if he wanted the assigned Judge to impose sentencing. The Judge failed to do so. Furthermore, there are no allegation[s] of an unreasonable, arbitrary or unconscionable attitude rising to an abuse of discretion. Rather, the assignment of error is the failure to afford the Defendant an opportunity to continue the matter to the assigned Judge who had a greater appreciation and understanding of the history of the case.

(Appellant's brief at 10).

{¶ 13}   Upon review, we find no error in the sentencing judge's failure to ask Johnson if he wanted a continuance. Johnson was represented by counsel who could have requested a continuance if desired. Based on the lack of request for a continuance, the only issue is whether the trial court's failure to offer one sua sponte constituted plain error. In our view, it did not. Johnson cites no authority obligating the sentencing judge to offer a continuance. Moreover, the sentencing judge imposed a sentence within an agreed-upon range that was authorized by law. The sentencing judge also independently reviewed the record, including a PSI, and considered Johnson's criminal history and the facts of this case. It is pure speculation whether the originally assigned judge would have imposed a shorter sentence. Therefore, Johnson cannot establish prejudice either.[8] The second assignment of error is overruled.

---

[8]On appeal, the State contends the record also fails to establish that Johnson in fact was sentenced by someone other than Judge Michael Krumholtz, the judge originally assigned to his case. We note that the plea and sentencing transcript cover page identifies Judge Krumholtz as "presiding." During the sentencing hearing, however, the sentencing judge referenced prior proceedings "before Judge Krumholtz," strongly suggesting that the sentencing judge was not Judge Krumholtz. *See* Transcript at 21 ("And then March 4, 2013, you were before Judge Krumholtz. * * *And Judge Krumholtz then ordered there be a report * * *.").

**{¶ 14}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, P.J., concurring:

**{¶ 15}** I agree with the majority that the record sufficiently reflects that the sentencing was done by a different judge than the one who took the plea. This raises concerns with both Montgomery County C.P.R. 1.19 and Crim.R. 25. Crim.R. 25(B) "inferentially commands that unless unable to do so, the judge who presided at the criminal trial must also preside at the post-conviction proceedings, including sentencing." *Beatty v. Alston*, 43 Ohio St.2d 126, 127, 330 N.E.2d 921 (1975). See also *People v. Childress*, ____ P.3d ____, 2012 WL 2926636 (Colo. App.), interpreting an almost-identical C.P.R. 25.

**{¶ 16}** Although the sentence was after a consideration of the PSI and was within the range agreed upon at the plea, perhaps counsel or the appellant only entered into the plea and sentencing agreement based on his or their anticipation of what sentence the particular judge (who accepted the agreement) would impose.

**{¶ 17}** Regardless, the appellant and counsel both were aware that sentencing was occurring before a different judge (in this regard, it is possible that their "opinion" as to what this judge would do was more favorable). There was no objection and there is no suggestion of plain error or prejudice on this record. The appellant waived any error. *State v. Pecina*, 76 Ohio App.3d 775, 603 N.E.2d 363, 365 (6th District 1992).

. . . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
April F. Campbell
Alan D. Gabel
Hon. Michael W. Krumholtz