DECISION AND JUDGMENT ENTRY
{¶ 1} James Eldridge appeals from his conviction on a charge of felony driving under the influence of alcohol, arguing that the trial court erred in denying his motion to dismiss the indictment. He contends the trial court erred in denying his motion because the state failed to bring him to trial within two hundred seventy days, as required by R.C.2945.71(C)(2). Because Eldridge absconded after posting bond and the state did not hold him solely on the pending charge for most of the time after his re-arrest, the court did not err in denying his motion.
 {¶ 2} On March 26, 2000, the Ohio State Highway Patrol arrested Eldridge for felony driving under the influence of alcohol (DUI). At the same time, the state filed charges against Eldridge in municipal court for driving under suspension, a first-degree misdemeanor, and driving left of center, a minor misdemeanor. All of the charges against Eldridge resulted from the same occurrence on March 26, 2000. On March 30, 2000, Eldridge posted $5,000 surety bond and the state released him. On April 3, 2000, Eldridge appeared for an arraignment in the Scioto County Municipal Court. There, Eldridge waived his right to a preliminary hearing and the municipal court continued the bond on him "for the appearance in the Scioto County Court of Common Pleas for trial pursuant to indictment by the Scioto County Grand Jury."
 {¶ 3} On May 26, 2000, the Scioto County Grand Jury returned an indictment against Eldridge for felony DUI under R.C. 4511.19(A)(1) and R.C. 4511.99(A)(4)(a). On June 1, 2000, the Scioto County Common Pleas Court issued a summons to Eldridge and his attorney for Eldridge's arraignment in common pleas court on June 14, 2000. However, the Scioto County Sheriff returned the summons without service on Eldridge because the address given by him was a vacant house. Thus, Eldridge failed to appear for this scheduled arraignment and on July 7, 2000, the court issued a warrant for his arrest. On July 13, 2001, the Scioto County Sheriff executed the felony warrant and arrested Eldridge. Moreover, Eldridge concedes that the sheriff also arrested him on a misdemeanor warrant for the driving under suspension and driving left of center charges.
 {¶ 4} The Scioto County Municipal Court disposed of the driving under suspension and driving left of center charges on August 31, 2001. Nevertheless, Eldridge remained in the Scioto County Jail from his re-arrest on July 13, 2001, until the Scioto County Common Pleas Court continued his bond and released him on October 3, 2001. On November 7, 2001, Eldridge filed a motion to dismiss under R.C. 2945.71. Eldridge argued the state failed to bring him to trial within the statutorily required two hundred seventy days. On January 18, 2002, the court denied Eldridge's motion and he entered a no contest plea on February 1, 2002. Following sentencing, Eldridge filed this appeal and assigns the following error: "The Scioto County Court of Common Pleas erred in not granting the defendant's motion to dismiss for the failure of the State of Ohio to provide the defendant a speedy trial as provided in O.R.C.2945.71-73."
 {¶ 5} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. Brown (1998), 131 Ohio App.3d 387,391, 722 N.E.2d 594; State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. However, we independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. Brecksville v. Cook, 75 Ohio St.3d 53, 57,1996-Ohio-171, 661 N.E.2d 706.
 {¶ 6} The state must bring a person arrested and charged with a felony to trial within two hundred seventy days. R.C. 2945.71(C)(2). But if the accused remains in jail in lieu of bail solely on the pending charge, we will count each day as three days. R.C. 2945.71(E). This is the triple-count provision. An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that the state held them solely on the pending charges and for a time exceeding the R.C. 2945.71 limits. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. The burden of proof then shifts to the state to show that the R.C. 2945.71 limitations have not expired, either by demonstrating that the time limit was extended by R.C. 2945.72[1] or by establishing that the accused is not entitled to use the triple-count provision in R.C. 2945.71(E). Butcher,27 Ohio St.3d at 31. The determination of whether the state holds an accused solely on the pending charges is a legal conclusion dependent upon the underlying facts. State v. Howard (Mar. 4, 1994), Scioto App. No. 93CA2136.
 {¶ 7} Generally, when computing how much time has run against the state under R.C. 2945.71 we will begin with the date the state initially arrested the accused. State v. Broughton (1991), 62 Ohio St.3d 253, 260,581 N.E.2d 541. However, if the accused fails to appear for a scheduled court appearance he waives "his right to assert a violation of his statutory speedy trial rights for the period of time from his initial arrest to the date that he is rearrested." State v. Russell (June 30, 1998), Athens App. No. 97CA37 citing State v. Bauer (1980),61 Ohio St.2d 83, 85, 399 N.E.2d 555. See, also, State v. Smith,140 Ohio App.3d 81, 89, 2000-Ohio-1777, 746 N.E.2d 678; State v. Gibson
(1992), 75 Ohio App.3d 388, 391, 599 N.E.2d 438.
 {¶ 8} In assessing speedy trial issues, the triple-count provision applies to an accused held by the state on multiple counts in the same indictment. 29A Ohio Jur.3d Criminal Law, Section 2829 citing State v.Bowman (1987), 41 Ohio App.3d 318, 321, 535 N.E.2d 730, abrogated on other grounds in State v. Palmer, 84 Ohio St.3d 103, 105, 1998-Ohio-507,702 N.E.2d 72. However, if more than one charge arises from the same incident and the multiple charges do not share a common litigation history from arrest onward, the triple-count provision will not apply.State v. Parsley (1993), 82 Ohio App.3d 567, 571, 612 N.E.2d 813. See, also, State v. Fielder (1994), 66 Ohio Misc.2d 163, 166, 643 N.E.2d 633. Moreover, where, due to the existence of another charge in another court, the state would not release the accused if the court dismissed the pending charge, the triple-count provision will not apply. State v.Dubose, Mahoning App. No. 00CA60, 2002-Ohio-6613, at ¶ 9.
 {¶ 9} Here, Eldridge presented a prima facie case for discharge because he alleged in his motion to dismiss that the state held him solely on the pending charge and that more than two hundred seventy days had elapsed since his arrest. Therefore, the burden properly shifted to the state.
 {¶ 10} Our review of the record indicates Eldridge failed to appear for his felony arraignment after posting a $5,000 surety bond. Applying the Ohio Supreme Court's holding in Bauer, Eldridge waived his right to assert a statutory speedy trial violation for the period between his initial arrest and his subsequent arrest on the outstanding warrants on July 13, 2001. Therefore, we will begin our speedy trial computation with Eldridge's re-arrest on July 13, 2001.
 {¶ 11} The Scioto County Sheriff's Department arrested Eldridge on July 13, 2001, and held him on two warrants, a felony warrant issued by the common pleas court and a misdemeanor warrant issued by the municipal court. The state established that the misdemeanor and felony counts did not share a common litigation history; at no time were the felony charge and misdemeanor charges consolidated. In fact, the municipal court disposed of its misdemeanor charges on August 31, 2001. Moreover, if the common pleas court had released Eldridge on the felony charge he would have remained in jail until at least August 31, 2001, because of the misdemeanor charges. Put simply, if Eldridge wanted to be released from jail prior to August 31, 2001, he would have had to post bond in both the common pleas court and the municipal court. Therefore, he is not entitled to the triple-count provision between July 13, 2001 and August 31, 2001. However, since the municipal court disposed of the misdemeanor charges on August 31, 2001, the state held him solely on the felony DUI charge from that time until the common pleas court continued his bond on October 3, 2001. Eldridge remained out of jail until he filed his motion to dismiss on November 7, 2001.
 {¶ 12} Based on the above, our review indicates that Eldridge is entitled to the following: (1) Forty-nine days between July 13, 2001, and August 31, 2001, for which the triple-count provision does not apply. (2) Thirty-three days between September 1, 2001, and October 3, 2001, for which the triple-count provision applies, which in turn allows Eldridge to claim credit for ninety-nine days. (3) Thirty-five days between October 4, 2001, and November 7, 2001, for which the triple-count provision does not apply. Adding all of these days together, when Eldridge filed his motion to dismiss on November 7, 2001, he was entitled to one hundred eighty-three statutory days credit for purposes of computing speedy trial time under R.C. 2945.71. Therefore, the trial court did not err in denying Eldridge's motion to dismiss because the state still had eighty-seven days to bring him to trial. Moreover, only fourteen days elapsed between the court's denial of Eldridge's motion to dismiss and his no contest plea. Therefore, the court disposed of Eldridge's case in one hundred ninety-seven statutory days, well within the two hundred seventy day limit. Eldridge's sole assignment of error is overruled.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] R.C. 2945.72 provides in part: The time within which an accused must be brought to trial * * * may be extended only by the following:
 (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceeding against him; * * *
 (B) Any period during which the accused is mentally incompetent to stand trial; * * *
 (C) Any period of delay necessitated by the accused's lack of counsel; * * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea * * * made or instituted by the accused;
 (F) Any period of delay necessitated by a removal or change of venue pursuant to law;
 (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such an order;
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.