OPINION
{¶ 1} Shaun Gitzinger filed a notice of appeal from an order dismissing his "objections to magistrate's supplemental decision" as untimely. He assigns error as follows:
 {¶ 2} THE TRIAL COURT ERRED WHEN IT FOUND CHILD SUPPORT SHOULD BE CALCULATED FROM THE TIME OF FILING OF THE REQUEST IN ILLINOIS COURTS.
 I {¶ 3} Gitzinger and Francine Kriesel are the parents of D.K.K., who was born September 24, 1989. Gitzinger and Kriesel have never been married.
 {¶ 4} On March 20, 2002, Kriesel initiated a parenting action in Illinois wherein Gitzinger's paternity of D.K.K. was established through genetic testing. On November 12, 2004, the Illinois court transferred the matter to the Champaign County, Ohio Juvenile Court for a determination of all issues other than paternity, which had been established in the Illinois action. On April 6, 2005, Gitzinger initiated a complaint for child support order and parenting time in the Juvenile Court of Champaign County.
 {¶ 5} Eventually the parties arrived at a comprehensive agreement as to all matters of visitation and child support except the date that child support should commence: either March 20, 2002, when Kriesel filed in Illinois or April 6, 2005, when Gitzinger filed in Ohio. See R.C. 3111.13(F)(3)(a). This date was to be inserted into the agreement by the magistrate, based on the parties' testimony at a hearing conducted May 25, 2005.
 {¶ 6} On October 4, 2005, an "agreed magistrate's decision" containing the parties' agreement was filed. The magistrate had written into the agreement March 20, 2002, as the starting date for child support.
 {¶ 7} On October 17, 2005, Gitzinger filed "objections" to the magistrate's decision "for the reason that there were no findings of fact, nor conclusions of law." In his memorandum in support, Gitzinger "further reserve(d) the right to supplement his objections, when the magistrate does render a decision in this matter."
 {¶ 8} On October 19, the juvenile court filed the following order:
 {¶ 9} "Relative to Plaintiff's objections to the Magistrate's Decision, it appears that the Magistrate has not decided the issue of the effective date of the child support. He has indicated this would be by a separate decision as Plaintiff suggests. Therefore, the matter is returned to the Magistrate for his decision."
 {¶ 10} On October 20, the magistrate filed his decision, complete with findings of fact and conclusions of law supporting March 20, 2002, as the starting date for child support.
 {¶ 11} The decision contained the following warning in all capital letters and instructions in boldface:
 "NOTICE {¶ 12} "A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURTS ADOPTION OF ANY FINDING OF FACTS OR CONCLUSION OF LAW IN THE MAGISTRATE'S DECISION UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THAT FINDING OR CONCLUSION AS REQUIRED BY JUVENILE RULE 40(E)(3).
 "OBJECTIONS {¶ 13} "A party may file written objections to this decisionwithin fourteen (14) days after the decision is filed with thecourt. See Juvenile Rule 40(3) for further information pertainingto objections."
 {¶ 14} Also on October 20, the juvenile court entered its "final appealable order of magistrate's decision," adopting the magistrate's decision and entering judgment thereon. The order advised the parties that it was a final appealable order and further contained a Civ.R. 58(B) notice of filing.
 {¶ 15} On December 27, Gitzinger filed "objections to magistrate's supplemental decision." On December 28, the juvenile court dismissed these objections as untimely, precipitating this appeal.
 II {¶ 16} Gitzinger's assignment of error is not directed to the order appealed from: the dismissal of his December 27 objections to the magistrate's supplemental decision. Rather, he argues that it was not equitable to establish March 20, 2002, as the starting date for child support.
 {¶ 17} We do not reach the merits of Gitzinger's appeal because his merit issue has not been preserved for appellate review.
 {¶ 18} Gitzinger had fourteen days from October 20 to file objections to the magistrate's decision filed on that date. See Juv.R. 40(E)(3)(a) and Civ.R. 53(E)(3)(a), and quoted language from magistrate's decision, supra. The December 27 objections were clearly untimely, as the trial court properly determined.
 {¶ 19} Gitzinger argues that "it was not until December 28, 2005 that a Final Appealable Order was issued by the Court." This argument finds no support in the record. The juvenile court issued a final appealable order October 20, 2005. The court could not have made it more clear that its order was final and appealable, as discussed supra. It was from this order that Gitzinger was required to initiate an appeal within 30 days to preserve his merit issue for appellate review. App.R. 4(A). He failed to do so.
 {¶ 20} Gitzinger argues that his "supplemental objections" of December 27 relate back to the objections that he timely filed October 17 to the agreed magistrate's decision filed October 4. Gitzinger's position appears to be that the "supplemental objections" of December 27, because they related back to his timely October 17 objections, extended the start of his appeal time to the date the court ruled on the supplemental objections, i.e. December 28. We are not persuaded.
 {¶ 21} First, the timely objections of October 17 did no more than alert the trial court that the magistrate's October 4 decision did not contain findings of fact and conclusions of law supporting the selection of March 20, 2002, as the starting date for child support. That objection was resolved by the magistrate's filing his decision on October 20, 2002, which did contain findings of fact and conclusions of law supporting the selection of March 20, 2002, as the starting date.
 {¶ 22} Second, based on the foregoing discussion, the "supplemental objections" of December 27 are not at all supplemental. They add nothing to the October 17 objections but, rather, find fault with the magistrate's decision of October 20.
 {¶ 23} Indeed, in the trial court, Gitzinger styled his "supplemental objections" as "Plaintiff's Objections to Magistrate's Supplemental Decision." As such, they do not relate back to the October 17 objection and cannot be considered timely on Gitzinger's notion of "relation back."
 {¶ 24} Finally, the December 27 objections are simply untimely. Juv.R. 40(E)(3)(a) and Civ.R. 53(E)(3)(a) make this abundantly clear.
 {¶ 25} Gitzinger argues that the rules of procedure do not specify a time limit for filing "supplemental objections." While this is true, the December 27 objections were not, as we have discussed, supplemental. Furthermore, and more important, we think objections, however they are labeled, are "objections" within the purview of Juv.R. 40(E)(3)(a) and Civ.R. 53(E)(3) and subject to the time limits prescribed by these rules. The rules permit the trial court to enlarge the time within which to file objections — Juv.R. 18(B), Civ.R. 6(B) — but Gitzinger did not seek that relief.
 {¶ 26} Because Gitzinger's December 27 objections were not timely filed, they did not extend the 30 days following October 20, within which he was required to file a notice of appeal from the judgment rendered on that date. See App.R. 4(B)(2).
 III {¶ 27} The assignment of error is overruled as not preserved for appellate review.
 {¶ 28} The judgment will be Affirmed.
Donovan, J., and Milligan, J. concur.
(Hon. John R. Milligan, retired from the Fifth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).