OPINION
{¶ 1} Appellant, Roy Staten ("the father"), appeals from a judgment of the Miami County Common Pleas Court, Juvenile Division, terminating his parental rights and granting permanent care and custody of his minor children to Appellee, Miami County Children Services Board ("CSB"). The father contends that the trial court erred in finding that it was in the best interests of the children to grant custody to CSB, *Page 2 
alleging that it failed to consider the interaction and interrelationship of the children with their siblings and grandparents and that it failed to consider the wishes of the children. Because we find that the father failed to object to the magistrate's recommendation, we find that any error was waived. We further find that there was no plain error.
 {¶ 2} The facts leading to this appeal are as follows. In August 2004, CSB became involved in the lives of the four Staten children because of drug use by both parents, which resulted in neither parent having a stable residence, and the children were not enrolled in school. At that time, the four children were placed with an aunt, Angela Barr, and drug/alcohol addiction services were provided to the mother. The father, who had a lengthy criminal record, was in a recovery unit at that time. Subsequently, CSB filed a dependency complaint in December 2004, seeking temporary custody or protective supervision of the children.
 {¶ 3} By an agreed judgment entry, both parents acknowledged that the children were dependent and that an order of temporary custody to CSB was in the children's best interests. A case plan was implemented with a goal of reunification with at least the mother. The case plan included requirements that the parents secure a permanent residence, secure stable employment, complete substance abuse programs, remain drug-free, and complete a parenting program. Weekly visitation was provided so long as the parents were drug free.
 {¶ 4} At a review hearing on March 23, 2005, the court determined that no progress was being made on the case plan and CSB was ordered to initiate and file a concurrent plan. The court conducted a subsequent review hearing on May 18, 2005. At this hearing, the court determined neither parent was making progress with their *Page 3 
substance abuse problems, and the court terminated visitation with both parents. Thereafter, the concurrent plan was filed with an alternate goal of either adoption or legal custody to relatives of the children, instead of reunification with the natural parents.
 {¶ 5} On August 17, 2005, CSB filed a motion seeking to modify its temporary custody of the four children as follows: legal custody of the two girls to the paternal grandmother, Joanne Staten, and legal custody of the two boys, AS and RS, to a relative, Angela and James Barr, with CSB maintaining an order of protective services. All parties agreed that it was in the best interests of the children to grant the legal custody of the children as sought by CSB. The trial court granted the motion
 {¶ 6} Subsequently, in March 2006, due to both parents being incarcerated on federal counterfeiting charges, and marital and financial problems in the Barr household, CSB filed a motion for change of disposition as to AS and RS, ultimately seeking permanent custody of the two boys. The father, acknowledging that he was unable to care for the children, filed a motion seeking that legal custody be granted to his mother, Joanne Staten, and Ms. Staten filed a motion seeking non-parental custody of the boys.
 {¶ 7} These motions came before the trial court for hearing on September 13, 2006. Prior to the hearing, CSB and the father entered into written stipulations as to the factual findings necessary before the court may award permanent custody of the children: (1) that R.C.2151.414(B)(1)(a) applies; (2) that R.C. 2151.414(E)(12) applies; and (3) that R.C. 2151.414(E)(13) applies. After considering the evidence, the magistrate recommended that it was in the best interests of AS and RS that permanent *Page 4 
custody be granted to CSB. The trial court adopted the magistrate's ruling and entered judgment on December 22, 2006. No objections were filed to the magistrate's report.
 {¶ 8} From this decision the father appeals asserting two assignments of error for our review.
 Assignment of Error One {¶ 9} "The trial court erred when it granted permanent custody to Miami County Children's Services of the two minor children [AS] and [RS]."
 Assignment of Error Two {¶ 10} "The Court erred when it failed to inquire as to the wishes of the minor children and the Guardian Ad Litem failed to present the wishes of the minor children to the Court."
 {¶ 11} The state argues initially that the father is prevented from arguing on appeal the trial court's adoption of any finding of fact or conclusion of law because he failed to raise any objection to the magistrate's decision at the trial court level. The state cites Juv.R. 40(D)(3)(b)(iv), formerly Juv.R. 40(E)(3)(d), which provides:
 {¶ 12} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv. R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv. R. 40(D)(3)(b)."
 {¶ 13} The state claims that, because the father's assignments of error both relate to the findings of fact and conclusions of law contained in the magistrate's decision, and further because the magistrate's decision specifically warned all parties *Page 5 
that no party may assign as error on appeal any finding of fact or conclusion of law unless that finding or conclusion was specifically and timely objected to, the arguments related to the assignments of error have been waived for appeal.
 {¶ 14} Our own review of the record confirms that no objections were filed to the magistrate's decision in this case. The magistrate's decision was filed on December 22, 2006; the time for filing objections expired on January 5, 2007; and the notice of appeal was filed on January 16, 2007. Therefore, pursuant to Juv.R. 40(D)(3)(b)(iv), the father is precluded from directly challenging on appeal the trial court's adoption of the findings of fact and conclusions of law from the magistrate's decision. See In re Etter (1998), 134 Ohio App.3d 484,731 N.E.2d 694; In re Darvius C, Erie App. No. E-00-064, 2002-Ohio-851;In re D.K.K., Champaign App. No. 2006-CA-4, 2006-Ohio-5576; In reWilliams (June 21, 1995), Allen App. No. 1-94-73.
 {¶ 15} Accordingly, absent a showing of plain error, the arguments presented by the father have been waived for appeal. Addressing the applicability of the plain error doctrine to appeals of civil cases, the Supreme Court of Ohio in Goldfuss v. Davidson, 79 Ohio St.3d 116,1997-Ohio-401, 679 N.E.2d 1099, stated:
 {¶ 16} "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id., at the syllabus.
 {¶ 17} Because the termination of parental rights has been referred to as "the family law equivalent of the death penalty," In re Hayes (1997),79 Ohio St.3d 46, 48, *Page 6 679 N.E.2d 680, we will conduct a plain error review of Appellant's assigned errors.
 {¶ 18} Initially, we note that R.C. 2151.413 permits a public children services agency that has temporary custody of a child to file a motion requesting permanent custody of the child. In considering a motion filed pursuant to R.C. 2151.413, the trial court must follow the guidelines set forth in R.C. 2151.414.
 {¶ 19} The first prong of the R.C. 2151.414 analysis requires the court to determine whether any one of the four provisions of R.C.2151.414(B)(1) applies. Here, the father stipulated that AS and RS could not be placed with him because he was incarcerated at the time of the filing of the motion for permanent custody, that he had been repeatedly incarcerated which had prevented him from providing for the children in the past, and that he would not be available for at least eighteen months after the dispositional hearing. This stipulation satisfies the court's finding pursuant to R.C. 2151.414(B)(1)(a).
 {¶ 20} The second prong of the R.C. 2151.414 analysis requires the court to determine what is in the best interests of the children. In determining the best interests, R.C. 2151.414(D) provides a non-exhaustive list of factors for the court to consider.
 {¶ 21} At this juncture, we note that clear and convincing evidence must exist to support a permanent custody award. The Supreme Court of Ohio has defined clear and convincing evidence as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It *Page 7 
does not mean clear and unequivocal." In re Estate of Haynes (1986),25 Ohio St.3d 101, 103-04, 495 N.E.2d 23; see, also, State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. In reviewing whether the trial court's decision was based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel, 55 Ohio St.3d at 74. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Id.
 {¶ 22} Additionally, issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. In this regard, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Finally, an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact. In re Brodbeck,97 Ohio App.3d 652, 659, 647 N.E.2d 240, citing Gerijo, Inc. v. Fairfield
(1994), 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.
 {¶ 23} The father first challenges the trial court's decision, claiming that the trial court erred in determining the award of permanent custody to CSB was in the children's best interests. In its decision, the trial court discussed at length the children's custodial history, their interaction and interrelationship with the mother and father, the grandmother, their siblings, other relatives and the foster parents, and their *Page 8 
need for a legally secure permanent placement, which the court concluded could not be made without a grant of permanent custody to CSB.
 {¶ 24} For the following reasons we find that the evidence supports this determination. The testimony clearly established that AS and RS had exhibited anxiety over repeated moves during their short lifetimes; that they were currently in a placement with prospective adoptive parents with whom they have a growing emotional bond; that the prospective adoptive parents are giving them the care and individual attention that they need; that the paternal grandmother had not fostered a consistent relationship between the boys and either herself or their sisters in her custody; that the paternal grandmother currently has custody of five granddaughters and that she has failed to follow through with CSB recommendations concerning sleeping arrangements; that the paternal grandmother has significant health issues that might affect her ability to parent these children; and that the paternal grandfather and all four of their children have had significant substance abuse issues that have resulted in criminal charges and incarcerations.
 {¶ 25} Second, the father contends that the trial court erred in not considering the wishes of the minor children pursuant to R.C.2151.414(D)(2). The applicable statutory provision provides that in determining best interest of a child, "the court shall consider all relevant factors, including, but not limited to, the following: * * * (2) [t]he wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child[.]"
 {¶ 26} First, the record establishes that children involved were very young, three and four years old at the time of the hearing. Neither child was competent to testify *Page 9 
absent findings, Evid.R. 601(A), and both children suffered from delays in speech development that made it difficult for others to understand them. Neither child testified. While the transcript of the proceedings indicates that the guardian ad litem prepared and filed a report, none of the contents of the report, other than the recommendation, was testified to in court. Likewise, the report was not filed in the case or admitted into evidence. Therefore, this report is not a part of our record on review, and we cannot determine whether the children's wishes were expressed in the report.
 {¶ 27} We agree with the position of the Eighth District Court of Appeals that, while R.C. 2151.414(D) requires the court to "consider all relevant factors" as set forth in this subsection, it does not require the court to list those factors or conditions it found applicable before making its determination that the permanent custody is in that child's best interest. See In re I.M., Cuyahoga App. Nos. 82669 82695,2003-Ohio-7069. Because the record does not demonstrate that the trial court failed to consider the wishes of the children as expressed through the guardian ad litem, we cannot find that the trial court erred in this determination.
 {¶ 28} Because clear and convincing evidence supports the trial court's finding that AS and RS cannot be placed with either of their parents within a reasonable time and that it is in their best interests to grant permanent custody of the children to CSB, we find no plain error in this regard.
 {¶ 29} For these reasons, Appellant's assignments of error is overruled.
 {¶ 30} Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed. *Page 10 
BROGAN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1