[Cite as *In re C.B.*, 2011-Ohio-4537.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: C.B., V.B., and D.B.          :

                                     :        C.A.   CASE   NOS.   24564,
                                          24565,

                                                            24566

                                     :

                                          T.C. NOS. C 2010-2258
                                     :                  C

2010-2261

C2010-2259

                                     :

                                          (Civil appeal from Common
                                     :     Pleas    Court,    Juvenile
                                          Division)

                                     :

          . . . . . . . . .

          **O P I N I O N**

Rendered on the ___9th___ day of ___September___, 2011.

          . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
          Attorney for Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 25 E. Central Avenue, Suite 4, Springboro, Ohio 45066
          Attorney for Appellant

          . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Robyn Oppy, filed April 4, 2011. On March 17, 2010, a Dependency Complaint was filed regarding Oppy's three sons, D.B., C.B. and V.B. After a hearing, the Magistrate made an oral pronouncement from the bench that D.B was an abused and dependent child, and that C.B. and V.B. were dependent children. The Magistrate issued an Order of Adjudication on May 26, 2010, that found that all three children were dependent, and failed to find that D.B. was abused. Oppy filed Objections to the Magistrate's Decision on June 7, 2010. On June 15, 2010, the Magistrate issued an Amended Magistrate's Order of Adjudication, finding that D.B. was abused, consistent with her oral pronouncement, and finding all three children were dependent. The Amended Order provides in part, "A party may appeal this order by filing a <u>Motion to Set Aside Magistrate's Order</u>" within 10 days. Oppy filed a Motion to Set Aside Amended Magistrate's Order on June 24, 2010, and she filed a Motion to Withdraw Objections on October 21, 2010. On October 22, 2010, Oppy filed an Amended Motion to Set Aside Amended Magistrate's Order Dated June 15, 2010. Therein she argued that parents have a right to employ corporal punishment, the punishment employed against D.B. was not excessive, and D.B. was accordingly not an abused child. Oppy further argued that the State failed to prove that the children were dependent. On November 3, 2010, the trial court issued an Entry Denying Amended Motion to Set Aside, determining that D.B. was an abused child and that the three children were dependent.

{¶ 2} On December 3, 2010, Oppy filed a Notice of Appeal. We dismissed her appeal after ordering her to show cause why her appeal should not be dismissed for lack of a final appealable order, since disposition in the underlying juvenile matter had not taken place. *In re Murray* (1990), 52 Ohio St.3d 155, 160 (finding that an adjudication that a child is dependent along with disposition of the matter is necessary to constitute a final appealable order.)

{¶ 3} On March 2, 2011, after a hearing on disposition before the Magistrate, and consistent with Juv.R. 40(D)(4)(e)(i), which allows the court to enter a judgment within the time permitted for filing of objections thereto, and further provides that the timely filing of objections operates as an automatic stay, a combined Magistrate's Decision and Judge's Order of Legal Custody and Protective Supervision was issued, in which the court granted legal custody of the children to Oppy, with an order of protective supervision until July 20, 2011. The judge's order adopting the magistrate's decision provides in part that the parties have 14 days to object to the decision, and that a "party shall not assign as error on appeal the Court's adoption of any finding of fact or conclusion of law in that decision, unless the party timely and specifically objects to that finding or conclusion as required by Juvenile Court Rule 40[(D)](3)." On April 4, 2011, Oppy filed a Notice of Appeal, and she did not file objections to the Magistrate's Decision and Judge's Order of March 2, 2010.

{¶ 4} Oppy asserts one assignment of error with subparts, as follows:

{¶ 5} "THE TRIAL COURT'S DECISION THAT THE MINOR CHILD WAS ABUSED WAS NOT ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE.

{¶ 6} "A. THE CHILD WAS NOT ABUSED, BUT RATHER SUBJECTED TO

CORPORAL PUNISHMENT, WHICH WAS NOT EXCESSIVE GIVEN THE TOTALITY OF THE CIRCUMSTANCES.

{¶ 7} "B. THE OTHER TWO CHILDREN SHOULD NOT BE ADJUDICATED DEPENDENT."

{¶ 8} Juv.R. 40(D)(3)(b)(iv) provides: "(iv) *Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(a)(iii) requires a magistrate's decision to include conspicuous language informing the parties of their responsibility to object to, rather than simply appeal, the magistrate's decision.

{¶ 9} The Magistrate's Decision and Judge's Order of Legal Custody and Protective Supervision of March 2, 2010, complied with Juv.R. 40(D)(3)(a)(iii). Oppy failed to file objections thereto as required by Juv.R. 40(D)(3)(b)(iv), and as the Supreme Court of Ohio has noted, the "failure to follow procedural rules can result in forfeiture of rights." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122. Absent a showing of plain error, Oppy's arguments have been waived for purposes of appeal, since she failed to object below. "'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'

(Citation omitted)." *In the Matter of A.J.S. & R.S.*, Miami App. No. 2007 CA 2, 2007-Ohio-3433, ¶ 16. On the record before us, plain error is not demonstrated. Thus, the judgment is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Timothy J. Cole
Andrea G. Ostrowski
Hon. Anthony Capizzi