[Cite as *In re C.B.*, 2019-Ohio-890.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| IN RE: C.B. | : | Appellate Case No. 28113 |
| | : | |
| | : | Trial Court Case No. 2017-6261 |
| | : | |
| | : | |
| | : | (Appeal from Common Pleas Court – |
| | : | Juvenile Division) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of March, 2019.

. . . . . . . . . . .

JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
     Attorney for Appellant Grandmother

JOYCE M. DEITERING, Atty. Reg. No. 0055776, 8801 North Main Street, Suite 200, Dayton, Ohio 45415
     Attorney for Appellees Kerry and Julie Borger

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Grandmother appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which terminated Grandmother's interim temporary custody of C.B. and granted legal custody of C.B. to non-relatives Kerry and Julie Borger. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedure History

{¶ 2} C.B., born in 2006, was adopted by Grandmother's daughter in 2007; C.B. has no legal father.   C.B.'s mother died on October 10, 2017 from cancer.

{¶ 3} On October 25, 2017, Grandmother filed a motion for legal custody of C.B. and an ex parte motion for interim temporary custody of C.B.   The same day, a magistrate granted Grandmother's ex parte motion for interim temporary custody of C.B. and scheduled a review hearing for November 7, 2017.

{¶ 4} On November 6, 2017, C.B.'s adult sister filed a motion to intervene and a motion to set aside the interim order.   The same day, Kerry Borger, whose son is close friends with C.B., also moved to set aside the interim order.   Borger stated in his motion that Mother had asked him to serve as the guardian for C.B. and that he (Borger) had applied for guardianship of C.B. in the Montgomery County Probate Court.   Borger asserted that it was in C.B.'s best interest for C.B. to be in his custody.   Borger also sought to intervene in the action.   The trial court granted the motions of Sister and Borger to intervene.

{¶ 5} The trial court subsequently appointed a guardian ad litem for C.B.

{¶ 6} On November 16, 2017, Sister moved for legal custody of C.B.   Borger

subsequently filed a supplemental motion to set aside the interim order, attaching an affidavit by Borger regarding Mother's wishes and addressing both his and Grandmother's abilities to care for C.B.

{¶ 7} On January 4, 2018, the trial court denied the motions to set aside the interim temporary custody order. Grandmother's and Sister's motions for legal custody remained pending. On March 12, 2018, Borger moved for temporary and "on-going" custody of C.B. Borger supported his motion with an affidavit and several exhibits.

{¶ 8} On May 31, 2018, the guardian ad litem filed a lengthy report. The report recommended that C.B. be placed with Borger.

{¶ 9} On Monday, June 4, 2018, the magistrate held a hearing on the pending motions. Sister and Borger appeared with their attorneys, and the guardian ad litem was present; Grandmother did not attend, but her attorney was present. At the beginning of the hearing, the magistrate spoke with counsel without their clients. The following exchange occurred:

THE COURT: * * * My understanding is, [Grandmother's counsel], that your client, [Grandmother], is going to dismiss or withdraw her complaint as she's not here today?

[GRANDMOTHER'S COUNSEL]: That is correct. I spoke with her on Friday, and she's indicated that she would like for me to withdraw our motion for legal custody that was filed, I believe, October 25, 2017.

THE COURT: And there's no other parties present in the courtroom, the lawyers and everybody is in agreement with that, no disagreement with her dismissing her action, right?

[COUNSEL FOR SISTER]: She can go.

[COUNSEL FOR BORGER]:   That's correct.

THE COURT: So let's go ahead and dismiss them out.   We'll go back off the record and then I believe we're going to resolve the rest of the case with the parties that are present. * * *

{¶ 10} The remaining parties apparently reached an agreement that legal custody of C.B. should be granted to Borger.   Later that morning, the magistrate filed a decision terminating Grandmother's interim temporary custody and granting legal custody of C.B. to Kerry and Julie Borger.   The trial court adopted the magistrate's decision.

{¶ 11} Grandmother obtained new counsel, filed timely objections to the magistrate's decision, and requested a transcript of the June 4, 2018 hearing.   After the filing of the transcript, but prior to the filing of supplemental objections, Grandmother's new counsel withdrew due to a conflict of interest.   On July 17, 2018, Grandmother, pro se, filed supplemental objections, asserting that she had never told her attorney that she did not want custody of C.B. and that C.B. should live with family.   Grandmother stated that she had indicated that she did not want the responsibility of keeping track of C.B.'s money.   Grandmother expressed her dissatisfaction with her prior legal representation, including her dismay that a specific attorney in the law firm did not attend the June 4 hearing on her behalf, and with C.B.'s placement with the Borgers.

{¶ 12} Borger filed a reply to the objections.   He argued that Grandmother's counsel had attended the June 4, 2018 hearing, had informed the magistrate that Grandmother was withdrawing her motion for legal custody, and that counsel was then excused.   Counsel for the Borgers further indicated that, on July 16, 2018, she (Borger's

counsel) was in attendance at a probate court hearing regarding C.B., at which Grandmother stated that she (Grandmother) was interested in being the guardian of C.B.'s estate, but not the guardian of his person. The reply memorandum stated that the effect of Grandmother's "erratic behavior has been to obfuscate the facts, confuse the proceedings and complicate the process," resulting in continued uncertainty for the Borgers and C.B.

{¶ 13} On July 25, 2018, Grandmother filed amended supplemental objections, which mainly complained about the guardian ad litem's report and about Grandmother's interactions with her original attorneys about the case. Grandmother also indicated she has had limited contact with C.B. since the change of custody, and she asked for visitation.

{¶ 14} On July 26, 2018, the trial court overruled Grandmother's objections and granted legal custody of C.B. to Kerry and Julie Borger. The trial court reasoned, in part:

> The Court finds that [Grandmother] did not appear for the June 4, 2018 hearing. [Grandmother's counsel] appeared on her behalf, as her legal representative, and expressed her client's wishes to the Court. [Grandmother] now contends that she did not wish for [counsel] to withdraw her motion for legal custody. [Grandmother's] supposed dissatisfaction with her attorney and whether or not the actions of her attorney accurately reflected her wishes are not issues for this Court to decide. Despite having notice of the June 4th hearing, [Grandmother] chose not to appear without any explanation communicated to the Court. As [Grandmother] failed to appear, [Grandmother] did not present any evidence that being the child's

legal guardian is the best interest of the child. The Court notes that [Grandmother's counsel] had previously appeared on [Grandmother's] behalf for a hearing held on March 18, 2019. [Grandmother] subsequently retained other Counsel for purposes of these objections.

**{¶ 15}** Grandmother appeals from the trial court's ruling.

## II. Dismissal of Grandmother's Motion for Legal Custody
## and Grant of Legal Custody of C.B. to the Borgers

**{¶ 16}** In her sole assignment of error, Grandmother claims that the trial court "abused its discretion in dismissing [her] complaint for legal custody and granting legal custody to [the Borgers]." She argues that the magistrate should have continued the hearing due to Grandmother's absence and that Grandmother's counsel did not have authority or consent to dismiss the motion for legal custody on Grandmother's behalf. Grandmother notes that no written motion to withdraw her motion for legal custody was filed.

**{¶ 17}** A juvenile court may award legal custody of a child to an individual if the court finds, by a preponderance of the evidence, that legal custody is in the best interest of the child. *In re M.O.*, 2d Dist. Montgomery No. 26457, 2015-Ohio-2430, ¶ 7. An appellate court will not reverse an award of legal custody absent an abuse of discretion by the juvenile court. *Id.* The term "abuse of discretion" implies that the juvenile court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 18}** Grandmother contends that the trial court should not have proceeded with the June 4, 2018 hearing without her being present. The record reflects that

Grandmother was served with notice of the hearing, yet failed to appear in person; Grandmother offered no explanation to the trial court for her absence, either through her attorney at the June 4 hearing or in her objections to the magistrate's ruling. [1] Grandmother's counsel was present and participated in the hearing. Grandmother's counsel did not ask for a continuance, nor was there any suggestion that a continuance was either desired or necessary. To the contrary, Grandmother's counsel indicated to the magistrate that Grandmother wished to withdraw her motion for legal custody. Upon withdrawing her motion and absent some indication that Grandmother wanted to participate further in the case, Grandmother's presence was no longer necessary.

{¶ 19} In the absence of a request for a continuance, we review the trial court's failure to offer a continuance sua sponte for plain error. *See State v. Johnson*, 2d Dist. Montgomery No. 26032, 2014-Ohio-4506, ¶ 13. "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *In re A.J.S.*, 2d Dist. Miami No. 2007 CA 2, 2007-Ohio-3433, ¶ 16, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus. With the record before us, the trial court did not commit error, plain or otherwise, in failing to continue the hearing sua sponte.

{¶ 20} Grandmother further claims that her attorney lacked the authority to withdraw Grandmother's motion for legal custody and that the trial court erred in granting

---

[1] Grandmother also does not offer an explanation for her absence in her appellate brief, even assuming, arguendo, that we could consider it.

the motion to withdraw in the absence of a written motion.

{¶ 21} "[I]t is well settled that the acts of an attorney within the scope of his [or her] authority are regarded as the acts of the client." *State v. Minshall*, 2d Dist. Greene No. 2002 CA 11, 2003-Ohio-2830, ¶ 11, citing 6 Ohio Jurisprudence 3d 416, Attorneys at Law (1980). Accordingly, we generally presume that an attorney who appears at a hearing acts for the client with actual authority. As we stated in *In re Seaman*, 2d Dist. Montgomery No. 18530, 2001 WL 227392, * 2 (Mar. 9, 2001), in which counsel appeared at a hearing for a client without asserting a defense of lack of personal jurisdiction:

> The presumption of regularity in trial proceedings means that error is never presumed, but must be demonstrated from the record. We see an opportunity for mischief if a litigant were able to require, on appeal, that the record affirmatively demonstrate that an attorney who appeared and purported to represent her at the trial, had actual authority to do so. In the absence of any evidence to the contrary, we presume that the attorney who appeared in the trial court and purported to be representing [the client] properly appeared on her behalf * * *.

{¶ 22} Grandmother asserted in her objections that she did not tell her attorney to withdraw her motion for legal custody. However, Grandmother's counsel informed the magistrate that Grandmother had stated to counsel that she wanted to withdraw her motion. Counsel's law firm had represented Grandmother throughout the pendency of the case, and there is no indication that counsel either lacked the authority to represent Grandmother at the June 4 hearing or was acting outside the scope of her authority when she made that representation to the magistrate. Moreover, Grandmother chose not to

attend the hearing without explanation, which supports a conclusion that Grandmother did not wish to pursue her motion for legal custody at that time. The trial court did not err in finding that Grandmother, through her attorney, had withdrawn her motion for legal custody.

{¶ 23} Further, the trial court was permitted to accept Grandmother's counsel's oral motion to withdraw the motion for legal custody. Although written motions are generally required, motions may be made orally during a hearing or trial. *See* Juv.R. 19 ("A motion other than one made during trial or hearing shall be in writing unless the court permits it to be made orally."). Grandmother's motion to withdraw her motion for legal custody was made on the record during a hearing.

{¶ 24} The record reflects that, after Grandmother withdrew her motion for legal custody, the remaining parties reached an agreement that legal custody of C.B. should be granted to the Borgers. Grandmother, who was not present, did not object to the agreement at the June 4, 2018 hearing or present any evidence that legal custody to the Borgers would not be in C.B.'s best interest. The magistrate granted legal custody of C.B. to the Borgers, as agreed to by Sister and Borger (and as recommended by the guardian ad litem). We find no abuse of discretion in the trial court's adoption of that decision.

{¶ 25} Grandmother's assignment of error is overruled.

### III. Conclusion

{¶ 26} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Jeffrey D. Slyman
Joyce M. Deitering
Robert Goelz
Jennifer Getty, GAL
Hon. Helen Wallace