[Cite as *In re A.H.*, 2021-Ohio-4008.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| A.H. | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| R.H. | : | |
| | : | Case Nos.  21 CA 29 |
| A.H. | : | 21 CA 30 |
| | : | 21 CA 31 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2019 DEP 00197, 2019 DEP 00198, 2019 DEP 00199

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     November 9, 2021

APPEARANCES:

For Appellant-Mother

JAMES L. BLUNT II
3954 Industrial Parkway Drive
Shelby, OH  44875

For Appellee-Agency

CHRISTOPHER ZUERCHER
TIFFANY BIRD
731 Scholl Road
Mansfield, OH  44907

*Wise, Earle, J.*

{¶ 1}   Appellant-mother, M.S., appeals the March 31, 2021 judgment entries of the Court of Common Pleas of Richland County, Ohio, Juvenile Division, terminating her parental rights and granting permanent custody of her three children to appellee, Richland County Children Services Board.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 3, 2019, appellee filed complaints alleging three children to be neglected and/or dependent: A.H. born October 2016 (Case No. 2019DEP00197), A.H. born October 2015 (Case No. 2019DEP00198), and R.H. born December 2014 (Case No. 2019DEP00199).  Mother is appellant herein; father is D.H.  D.H. is the half-brother of mother.  They share a father.  Appellee sought temporary custody of the children.

{¶ 3}   An adjudicatory and dispositional hearing was held before a magistrate on December 12, 2019, wherein appellant and D.H. agreed the children were dependent children.  The children were placed in appellee's temporary custody that day.  Father filed objections.  By judgment entries filed April 2, 2020, the trial court overruled the objections, and approved and adopted the magistrate's decision.

{¶ 4}   On June 24, 2020, appellee filed motions for permanent custody of the children.  A hearing before a magistrate was held on September 28, 2020.  By decisions filed October 8, 2020, the magistrate terminated the parental rights of appellant and D.H. and granted appellee permanent custody of the children.  Appellant filed objections.  By judgment entries filed March 31, 2021, the trial court overruled the objections, and approved and adopted the magistrate's decisions.

{¶ 5}   Appellant filed appeals, one for each child, and this matter is now before this court for consideration.  Father has not filed any appeals.  Assignments of error are identical and are as follows:

I

{¶ 6}   "WHETHER THE TRIAL COURT ERRED BY FINDING THAT APPELLANT FAILED TO [MAKE] SIGNIFICANT PROGRESS ON THE CASE PLAN TO AMELIORATE THE ISSUES WHICH CAUSED THE CHILDREN TO BE REMOVED."

II

{¶ 7}   "WHETHER RICHLAND COUNTY CHILDREN SERVICES ENGAGED REASONABLE EFFORTS TO REUNITE THE CHILDREN WITH A PARENT."

III

{¶ 8}   "WHETHER THE TRIAL COURT ERRED BY FINDING THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE PERIOD OF TIME."

I, II, III

{¶ 9}   In her first assignment of error, appellant claims the trial court erred in finding she failed to make significant progress on her case plan.

{¶ 10} In her second assignment of error, appellant claims appellee did not engage in reasonable efforts to reunite the children with a parent.

{¶ 11} In her third assignment of error, appellant claims the trial court erred in finding the children could not be placed with either parent within a reasonable period of time.

{¶ 12} We disagree with appellant's arguments.

{¶ 13} R.C. 2151.414(B)(1) states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a

reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 614 N.E.2d 742 (1993).

{¶ 15} R.C. 2151.414(E) sets out the factors relevant to determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Said section states in pertinent part the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child

to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;

(16) Any other factor the court considers relevant.

{¶ 16} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 17} During the September 28, 2020 hearing, the magistrate heard from a psychology assistant who performed a parenting evaluation of appellant, a counselor who conducted two assessments of appellant, a counselor who met with appellant one time, a counselor who counseled with the two oldest children, a therapist who conducted a brain mapping assessment of the middle child, two family support specialists who supervised the visitations, the foster parents of the children, the ongoing family caseworker, the guardian ad litem for the children, and appellant. The magistrate also

had a report from the guardian ad litem.  As explained by our brethren from the Second District in *In re A.J.S. & R.S.,* 2d Dist. Miami No. 2007CA2, 2007-Ohio-3433, ¶ 22:

> Accordingly, issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact.  In this regard, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."  *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.  Finally, an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact.  *In re Brodbeck,* 97 Ohio App.3d 652, 659, 647 N.E.2d 240, citing *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

{¶ 18} Further, " 'the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.' "  *In re Mauzy Children,* 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, *2 (Nov. 13, 2000), quoting *In re Awkal,* 95 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist.1994).

{¶ 19} In its decisions filed October 8, 2020, the magistrate found appellant's issues "included lack of follow through for medical needs, concerns of domestic violence and mental health issues." Pursuant to the case plans, appellant was to "obtain parenting education, address her mental health issues, provide for the child's medical and special needs, provide for the child's basic needs through stable and independent housing and employment, and to arrange for protective day-care as necessary." The magistrate found appellant "has not successfully completed any" of the objectives in the case plans, and goes into great detail for some twelve to thirteen paragraphs in the decisions respective to each child.

{¶ 20} These findings are amply supported in the record. T. at 11, 12-18, 19-24, 30-33, 38-39, 41, 77-80, 87-89, 143, 145-146, 147-158, 160-161, 170, 173, 177, 184-186, 192-193, 194-195, 204-205, 216, 221-223, 227-228.

{¶ 21} In her appellate brief at 2, appellant argues appellee failed to provide reasonable efforts toward reunification because the agency filed for permanent custody seventy-six days after receiving temporary custody. Appellee received temporary custody of the children on December 12, 2019, and filed motions for permanent custody on June 24, 2020, some one hundred and ninety-five days after receiving temporary custody. The guardian ad litem report filed September 21, 2020, indicates the agency first received a report regarding appellant in 2014 after the birth of her oldest child due to her status as a minor child and the fact that the father of the child was D.H., her half-brother. The agency received a neglect report in 2015 regarding bedbugs. The caseworker explained the agency voluntarily opened a case in 2016 to ensure that R.H. was receiving necessary medical care. T. at 184-185. The agency formally became

involved with appellant in August of 2018 and implemented case plans to provide her services. T. at 141. At times, agency workers picked up appellant and transported her to appointments and to obtain prescriptions. T. at 149-151. The magistrate found reasonable efforts were unsuccessful due to:

the chronic nature of Ms. [S.]'s mental health issues and parenting deficiencies, her abject disregard for appropriate and healthy sexual boundaries, her intractable lack of insight on the adverse impact these factors have had and will continue to have on the [children's] past and future development, and her refusal to acknowledge the continued and ongoing impact her past trauma has had and will continue to have upon her own circumstances.

{¶ 22} The magistrate went on to note appellant:

presents as having normalized highly dysfunctional experiences in her life, ranging from incidents of harrowing domestic violence between her and the child's father, the incestuous relationship between her and the child's father resulting in the conception of this child and her siblings, the death of her son at 7 months of age, her attempt at suicide, and having regularly relinquished the primary care of her children to others throughout the entirety of the within child's young life.

{¶ 23} The magistrate concluded "[a]t present, and despite the aforementioned longstanding involvement of Children Services, Ms. [S.] has failed to take any steps to change or improve her circumstances. She is in the same position now as when Children Services first endeavored to assist." The caseworker testified "[w]e are literally sitting at the same point we were in August of 2018, when this case opened." T. at 170.

{¶ 24} We find there is competent and credible evidence to confirm that appellee made reasonable efforts to assist appellant.

{¶ 25} As for best interests, the magistrate found the children were doing well in their current foster placement. The foster parents are attentive and nurturing. They attend to the children's emotional, medical, and educational needs. The children appear "happy and comfortable," and are "integrated into the home." The current placement has enabled the children to become more closely bonded with each other and with the foster parents and the other children in the household. The foster parents are interested in adopting the three children. T. at 110, 129. The magistrate analyzed each factor as to best interests under R.C. 2151.414(D).

{¶ 26} Both the ongoing caseworker and the guardian ad litem recommended granting permanent custody of the three children to appellee which was in their best interests. T. at 170, 192.

{¶ 27} Again, the trial court's findings are amply supported in the record. T. at 63-65, 106-109, 116-123, 164-165, 192.

{¶ 28} Upon review, we find sufficient clear and convincing evidence to support the trial court's decision to grant appellee permanent custody of the children.

{¶ 29} Assignments of Error I, II, and III are denied.

{¶ 30} The judgments of the Court of Common Pleas of Richland County, Ohio, Juvenile Division, are affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db