[Cite as *In re R.E.-R.*, 2024-Ohio-5445.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: R.E.-R. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| | : | |
| | : | Case Nos.  2024 CA 0026 |
| | : |                 2024 CA 0029 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2023-AB-0001

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    November 15, 2024

APPEARANCES:

For Appellant Father

DAVID A. TAWNEY
117 West Main Street
Suite 210-B
Lancaster, OH  43130

For Appellant Mother

JAMES S. SWEENEY
285 South Liberty Street
Powell, OH  43065

For Child

CEDRIC COLLINS
P.O. Box 564
Pickerington, OH  43147

For Appellee FCCPS

GENYLYNN COSGROVE
239 West Main Street
Suite 101
Lancaster, OH  43130

Guardian Ad Litem

WILLIAM HOLT
P.O. Box 2252
Lancaster, OH  43130

*King, J.*

{¶ 1}   Appellant father, I.R., and appellant mother, M.R. aka as M.E., appeal the June 10, 2024 decision of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, terminating their parental rights and granting permanent custody of the child to appellee, Fairfield County Child Protective Services ("FCCPS").  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 5, 2023, FCCPS filed a complaint for the temporary custody of R.E.-R. born February 2013.  Mother and father of the child are married and the appellants in this case.  The initial concerns centered on the child not receiving proper medical care for a severe arm injury and mother's mental health.  The child was placed in shelter care on January 5, 2023.  Case plans were filed and agreed to by the parents.

{¶ 3}   An agreed adjudicatory and dispositional hearing was held on April 4, 2023. The trial court found the child to be dependent and continued the child's temporary custody with FCCPS.

{¶ 4}   Case reviews were held on August 1, and November 16, 2023, and January 4, 2024.  On March 28, 2024, FCCPS filed a motion for permanent custody of the child. Another case review was held on April 9, 2024.  Hearings on the permanent custody motion were held on May 31, and June 5, 2024.  By decision filed June 10, 2024, the trial court terminated all parental rights and granted permanent custody of the child to FCCPS.

{¶ 5}   Each parent filed appeals.  Father assigned the following errors (Case No. 2024 CA 0026):

FATHER I

{¶ 6} "THE TRIAL COURT ERRED IN FINDING THAT THE MINOR CHILD COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE LENGTH OF TIME."

FATHER II

{¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THERE WAS SUFFICIENT EVIDENCE TO GRANT THE MOTION FOR PERMANENT CUSTODY."

{¶ 8}   Mother assigned the following error (Case No. 2024 CA 0029):

MOTHER I

{¶ 9} "THE JUVENILE COURT ERRED IN TERMINATING MOTHER'S PARENTAL RIGHTS AND GRANTING PERMANENT CUSTODY OF R.E. TO FCCPS."

FATHER I AND II, MOTHER I

{¶ 10} Father and mother claim the trial court erred in granting permanent custody of the child to FCCPS.  We disagree.

{¶ 11} R.C. 2151.414(B)(1) states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and:

(a) The child is not abandoned or orphaned . . . and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period . . . .

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶ 12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477.

{¶ 13} R.C. 2151.414(E) sets out the factors relevant to determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Said section states in pertinent part the following:

(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the

Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence.  If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.  In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

(8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it

for a purpose other than to treat the physical or mental illness or disability of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.

(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.

(16) Any other factor the court considers relevant.

{¶ 14} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interest of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period . . . ;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶ 15} During the hearings, the trial court heard from mother's mental health evaluator, two family caseworkers, the ongoing services manager, the child's school-based family services counselor, a visitation supervisor, father, and the guardian ad litem. Father attended both hearings, mother did not appear. Two Spanish language interpreters were provided to father. T. at 6. As explained by our colleagues from the Second District in *In re A.J.S. & R.S.,* 2007-Ohio-3433, ¶ 22 (2d Dist.):

Accordingly, issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. In this regard, "[t]he underlying rationale of giving deference to the findings of the

trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Finally, an appellate court must adhere to every reasonable presumption in favor of the trial court's judgment and findings of fact. *In re Brodbeck,* 97 Ohio App.3d 652, 659, 647 N.E.2d 240, citing *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 1994-Ohio-432, 638 N.E.2d 533.

{¶ 16} Further, " 'the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned.' " *In re Mauzy Children,* 2000 WL 1700073, *2 (5th Dist. Nov. 13, 2000), quoting *In re Awkal,* 95 Ohio App.3d 309 (8th Dist. 1994).

{¶ 17} The parents stipulated that the child had been in the temporary custody of the agency for twelve or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d); T. at 8-15; Exhibit A. With this stipulation, "it was not necessary for the trial court to also make a finding that the minor child could not be returned within a reasonable time." *In re T.B.,* 2015-Ohio-2214, ¶ 38, citing *In re: C.W.,* 2004-Ohio-6411, ¶ 21.

{¶ 18} The case plans provided for several services to help the parents. In its decision, the trial court went through a thorough and lengthy discussion on mother's case plan and her mental health history, outlining the services provided to her, her lack of compliance, inappropriate visitations, and inability to complete the case plan objectives. June 10, 2024 Decision at ¶ 29-47, 61-64, 87-88, 91. All of the trial court's findings are extensively supported in the record. T. at 31-43, 54, 74-77, 78-90, 94-99, 111-112, 116-117, 165, 168-171, 182-183, 185, 204, 208-210; Exhibit B.

{¶ 19} Father was more compliant, but was unable to protect the child from mother. June 10, 2024 Decision at ¶ 48-49, 51-55, 87-88, 91. Father was unable to obtain a mental health assessment because he did not have a social security number or driver's license. *Id.* at ¶ 50, 65-68. Agency efforts to help him obtain those documents were unsuccessful because father could not produce necessary paperwork. Again, all of the trial court's findings are amply supported in the record. T. at 55-62, 75-77, 90-91, 101-111, 112-116, 117-119, 131-134, 166, 172-175, 183-185, 193-194, 196-198, 205, 215-216, 218-219, 241-251, 257-259, 281.

{¶ 20} The trial court analyzed reasonable efforts and concluded notwithstanding reasonable case planning and FCCPS's diligent efforts, mother and father have continuously and repeatedly failed to "substantially remedy the conditions causing the child to be placed outside the home" and for the child to remain with either parent "would be contrary to the welfare of the child." June 10, 2024 Decision at ¶ 64, 68.

{¶ 21} As for best interests, the trial court found mother "is simply not safe" for the child and provided numerous examples. *Id.* at ¶ 82, 87-88, 91. The trial count found father has a loving relationship with the child, but resides with mother, relies on mother

for transportation, housing, and income, and does not intervene to protect the child from mother and cited several examples. *Id.* The child has resided with a foster family for well over a year, has bonded with the family, and desires to remain with the family. *Id.* at ¶ 82-84. The child would like his father to move in with the foster family, but does not ask to return home. *Id.* at ¶ 83. The trial court concluded the child needed a safe and stable environment where the child's needs would be met on a consistent basis. *Id.* at 85. Significantly, the trial court noted father admitted that he could not assure that the child would receive medical care or attend school, and he did not see how mother's mental illness affected the child and "everything seems normal." *Id.* The trial court's findings are supported in the record. T. at 98-101, 123, 125-127, 152-156, 158-160, 241-246, 249-250, 281, 304-305. The guardian ad litem recommended permanent custody of the child to FCCPS. T. at 294-295, 297, 305-306.

{¶ 22} Based upon the testimony presented, we do not find the trial court erred in terminating appellants' parental rights and granting permanent custody of the child to FCCPS. We find abundant sufficient evidence to support the trial court's decision.

{¶ 23} The assignments of error are denied.

{¶ 24} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division, is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.